764 P.2d 1322

**GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Sean VALDEZ, Defendant–Appellee.**

**No. 17745.**

Supreme Court of New Mexico.

Nov. 30, 1988.

Bradley & McCulloch, Sarah Bradley, Katherine E. Tourek, Luis Quintana, Albuquerque, for plaintiff-appellant.

Randi McGinn, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

### APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT

The sole issue before us is whether the district court erred in granting Valdez' motion to dismiss Guaranty's complaint for declaratory judgment. Guaranty's complaint sought the following relief:

(1) A declaration that Valdez was covered by only one of two automobile insurance policies issued to Valdez' grandfather. It is undisputed that Valdez was driving one of the grandfather's automobiles with the latter's consent when a driver in another car, the tortfeasor, caused an accident that killed three people in the grandfather's vehicle and injured Valdez. At the time of the accident, the grandfather had in force two insurance policies issued by Guaranty —one insuring the vehicle driven by Valdez, and another insuring a vehicle which the grandfather owned but which was not involved in the accident. Guaranty sought a declaration from the court that only the former policy covered any damages arising out of the accident.

(2) A declaration that the limits of liability under the policy covering the grandfather's wrecked vehicle were the same as the limits of liability under a policy provided by another insurance company to the tortfeasor. It is undisputed that the total damages claimed by all injured persons in the accident were of a greater amount than the limits of coverage provided by the tortfeasor's policy.

(3) A declaration that Valdez was not entitled to recover against the underinsured motorist provision of the grandfather's policy with Guaranty. In his motion to dismiss, Valdez had alleged that the tortfeasor was an underinsured driver, and thus contended that Guaranty was liable for any damages which exceeded the limits of liability set by the tortfeasor's policy.

(4) A declaration that Guaranty owed Valdez nothing, either under the provisions of the policy covering the grandfather's wrecked vehicle, or under the provisions of the policy covering the other vehicle owned by the grandfather. Guaranty alleged in its complaint that Valdez' attorney had demanded that the two policies be "stacked" so that Valdez would be covered by both policies.

### ARBITRATION PROVISIONS OF THE INSURANCE POLICY

Valdez' motion to dismiss was premised on the arbitration provisions found on Page 13 of the policy:

Determination as to whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person and us. If no agreement is reached, the decision will be made by arbitration.

Valdez thus requested that the court "dismiss the [c]omplaint and require that this matter go through arbitration, pursuant to the terms of the contract."

On appeal, Guaranty refers us to other language in the policy that reads as follows:

If an insured person and we do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, or (2) as to the amount of payment under this Part, then upon written demand of either, the issue shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured person and we each agree to consider ourselves bound and to be bound by any award made by the arbitrators pursuant to this coverage.

Guaranty contends that the quoted language "only affords arbitration on the issue of liability of the uninsured driver and damages suffered by the insured." Guaranty argues that the issues raised by Valdez are coverage questions and not arbitrable under the policy. Thus, Guaranty concludes, the district court should have granted Guaranty's motion for declaratory judgment.

In response, Valdez contends that Guaranty is reading the second quoted paragraph out of context and out of relationship to the first quoted paragraph. As Valdez reads the policy, the questions of "stacking" and "offset of benefits" are subject to arbitration.

### OUR HOLDING ON APPEAL

The issue raised on appeal concerns the relationship between NMSA 1978, Sections 44–7–1 to –22 (the "Uniform Arbitration Act"), and NMSA 1978, Sections 44–6–1 to –15 (the "Declaratory Judgment Act"). As we have previously held, a trial court's exercise of discretion to grant or refuse declaratory relief under NMSA 1978, Section 44–6–7, must be based on good reason. *Sunwest Bank of Clovis v. Clovis IV*, 106 N.M. 149, 154, 740 P.2d 699, 704 (1987). We hold that the trial court did not exercise good reason in refusing to consider Guaranty's complaint for declaratory judgment. We thus reverse the court's judgment of dismissal, and remand with instructions for the court to consider the legal issues raised

in the complaint before it rules on the question of whether arbitration is mandated by the contract of insurance.

■ Where, as here, a complaint for declaratory judgment raises questions of law arising from the disputed interpretation of an arbitration contract, the proper forum for resolution of such questions is the trial court. *Gonzales v. United Southwest Nat'l Bank*, 93 N.M. 522, 602 P.2d 619 (1979); *Allstate Ins. Co. v. Elkins*, 63 Ill. App.3d 62, 21 Ill.Dec. 66, 381 N.E.2d 1 (1978), *aff'd*, 77 Ill.2d 384, 33 Ill.Dec. 139, 396 N.E.2d 528 (1979); *Doyle and Russell, Inc. v. Roanoke Hosp. Ass'n*, 213 Va. 489, 193 S.E.2d 662 (1973); *Cf. Bell v. Associated Indeps. Inc.*, 143 So.2d 904 (Fla.Dist.Ct. App.1962).

■ All four of the prayers for relief in Guaranty's complaint for declaratory judgment involve the resolution of legal disputes which Guaranty claims are not arbitrable under the contract. For example, the third prayer for relief, seeking a declaration that Valdez was not entitled to recover against the underinsured motorist provision of the grandfather's policy with Guaranty, goes to the heart of the parties' dispute and involves a question of law which only the court was competent to decide. We do not hold that arbitration is unavailable to parties seeking to resolve a disputed question of law. But where a question of law is in dispute, and where one of the parties to an arbitration agreement resists arbitration and seeks a determination of that legal question by the court, then that party must be heard—as to that issue—by the court. The trial court may not abdicate its jurisdiction without deciding whether the parties have agreed to arbitrate the issues raised in the complaint.

As the Supreme Court of Virginia has held:

[The] question is not whether a party may revoke an arbitration agreement but instead, is this: Where parties have agreed to submit their disputes to arbitration, who is to decide what disputes are arbitrable when one party resists

submission of a particular issue? The answer is that it is the province of the courts to determine the threshold question of arbitrability, given the terms of the contract between the parties. This is so because the extent of the duty to arbitrate, just as the initial duty to arbitrate at all, arises from contractual undertakings.

A party cannot be compelled to submit to arbitration unless he has first agreed to arbitrate. By the same token, he cannot be compelled to arbitrate a question which, under his agreement, is not arbitrable. And the resisting party is entitled to a pre-submission judicial determination of arbitrability.

*Doyle and Russell Inc. v. Roanoke Hosp. Ass'n,* 213 Va. at 493–94, 193 S.E.2d at 666 (citations omitted).

There is an important policy reason underlying our holding, which involves judicial review of arbitrators' awards. As the United States Court of Appeals for the Second Circuit has observed, "[U]pon judicial review of an arbitrator's award 'the court's function in ... vacating an arbitration award is *severely limited'* * * * *'" Office of Supply, Gov't of Republic of Korea v. New York Navigation Co.,* 469 F.2d 377, 379 (2d Cir.1972) (emphasis added, citations omitted) (construing the United States Arbitration Act of 1925, 9 U.S.C. §§ 1 to –14 (1947), which bears substantial similarities to the New Mexico version of the Uniform Arbitration Act).

Under New Mexico's version of the Uniform Arbitration Act, "The fact that the relief [granted by the arbitrators] was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award." NMSA 1978, § 44–7–12 (A)(5). We find in this language the seeds for depriving one party of his or her right to the traditional safeguards afforded to parties who appeal judgments of a trial court, and we do not want this language to accomplish such a result. We share the misgivings of the Supreme Court when, in considering the federal arbitration statute, it listed some of the negative consequences attendant to judicial review of an arbitra-

tion award: "Whether the arbitrator has misconstrued a contract is not open to judicial review * * * [Q]uestions of fault or neglect are solely for the arbitrator's consideration * * * [A]rbitrators are not bound by the rules of evidence." *Bernhardt v. Polygraphic Co. of Am.,* 350 U.S. 198, 203, n. 4, 76 S.Ct. 273, 276, n. 4, 100 L.Ed. 199 (1956) (citations omitted). Such considerations lead us to exercise an abundance of caution in reviewing a trial court's decision, such as the one before us, not to consider a legal controversy arising from the disputed interpretation of an arbitration contract.

Traditional procedural safeguards, and particularly the right to a traditional appeal, may be waived by parties who have negotiated an arbitration contract, but such safeguards and rights may not be denied to a party who contends that a particular issue is not arbitrable and who seeks a presubmission judicial review of the arbitrability of that issue. Prudence dictates, therefore, that in a situation such as the one before us, the trial court exercise jurisdiction and consider the legal merits of the complaint for declaratory judgment. Should the trial court find that the parties agreed to arbitrate the issues raised in the complaint, the court may then of course still require the parties to submit to arbitration as they have contracted. But the court may not refuse to exercise jurisdiction before it has passed judgment on the legal merits of the allegations raised in the complaint for declaratory judgment and require the parties to submit to arbitration on the bare strength of the arbitration provisions in an insurance policy.

Accordingly, we reverse the trial court's judgment for dismissal and remand the case with instructions to consider the complaint for declaratory judgment on its merits.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.