**CONTINENTAL CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**P.D.C., INC., Donald Craig Olsen, Defendants–Appellants.**

**No. 90–2031.**

United States Court of Appeals, Tenth Circuit.

May 3, 1991.

LeRoi Farlow, of Farlow, Simone, Roberts and Weiss, P.A., Albuquerque, N.M., for plaintiff-appellee.

F. Joel Roth, Roth, Van Amberg, Gross & Rogers, Santa Fe, N.M., for defendants-appellants.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendants appeal the district court's grant of summary judgment to plaintiff and its denial of defendants' motion to dismiss. Defendants alleged that insurance coverage for loss of profits due to negligent injury of defendant corporation's president, Donald Olsen, existed under the uninsured motorist provisions of the automobile liability policy issued to defendant corporation by plaintiff. Defendants also alleged that the policy mandated arbitration of this dispute. Plaintiff denied coverage, refused arbitration and brought an action for declaratory judgment. Defen-

dants then filed a motion to dismiss followed by plaintiff's request for summary judgment.

This court reviews an award of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. *See Ewing v. Amoco Oil Co.,* 823 F.2d 1432, 1437 (10th Cir.1987). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Based on our review of the appellate record and the parties' briefs, we conclude that the district court correctly decided this case and we affirm.

Defendants argue that due to the arbitration requirements of the policy, this issue is not properly before the court. The uninsured motorists endorsement of the policy states,

If *we* and an *insured* disagree whether the *insured* is legally entitled to recover damages from the owner or driver of an *uninsured motor vehicle* or do not agree as to the amount of damages, either party may make a written demand for arbitration....

(Emphasis in original.) This provision is not a general agreement to arbitrate all disputes arising under the coverage. By its terms it is limited to the issues of the liability of the uninsured motorist and the amount of the damages to which the insured is entitled. Although New Mexico agrees with the general proposition that these issues are subject to arbitration, it has upheld the court's jurisdiction when one party resists arbitration. *Guaranty Nat'l Ins. Co. v. Valdez,* 107 N.M. 764, 766, 764 P.2d 1322, 1324 (1988); *see also Wood v. Millers Nat'l Ins. Co.,* 96 N.M. 525, 632 P.2d 1163, 1166 (1981). We see this coverage dispute as a question of law and therefore properly before the court. *See Guaranty Nat'l Ins. Co. v. Valdez,* 107 N.M. at 766, 764 P.2d at 1324.

P.D.C.'s policy further provides,

We will pay all sums the *insured* is legally entitled to recover as damages from the owner or driver of an *uninsured motor vehicle.* The damages must result from *bodily injury* sustained by the *insured,* or *property damage,* caused by an *accident....*

(Emphasis in original.) It is difficult to equate the corporation's alleged loss of profits with a claim for bodily injury. We can find no authority broadening the definition of bodily injury to include economic injury and we cannot accept defendants' argument that coverage should be extended because the corporation's losses were derivative of Olsen's bodily injury.

The object of uninsured motorist insurance is to protect persons injured in automobile accidents from losses which would otherwise go uncompensated because of the tortfeasor's lack of liability coverage. *Chavez v. State Farm Mutual Automobile Ins. Co.,* 87 N.M. 327, 533 P.2d 100 (1975). *Guess v. Gulf Ins. Co.,* 96 N.M. 27, 627 P.2d 869, 870 (1981). The record in this case is clear and undisputed that Donald Olsen, the injured president/employee of the defendant corporation, was fully and amply compensated for his injuries through the limits of the tortfeasor's insurance policy and through a sizable arbitration award under the uninsured motorist provisions of defendant corporation's policy. Olsen did not appeal the sufficiency of the award. Instead, once his personal claim was satisfied, he shelved his individual hat, donned his corporate hat, and came back for another bite of the apple.

The facts and circumstances of this case closely parallel a California case in which the president/employee/principal shareholder of a closely held corporation was injured by the negligent actions of another. In addition to personal injury damages, an action was brought on behalf of the corporation for lost business profits. In finding this claim to be against public policy, the California Supreme Court stated, "plaintiff corporation was peculiarly able to calculate the risk of services of a key employee and to protect itself against such a loss by securing key employee insurance." *I.J. Weinrot & Son, Inc. v. Jackson,* 40 Cal.3d 327, 220 Cal.Rptr. 103, 111, 708 P.2d 682, 690 (1985). During the summary judgment

hearing in this matter, defendants attempted to explain their claim on behalf of the corporation to a rather incredulous district court, as being likened to a "key man type policy" or "key man insurance situation." (Hearing Transcript, p. 8). We find no evidence that it was the intention of the insured to obtain such coverage or the intention of the insurer to provide such coverage through an automobile liability insurance policy. Consequently, we are equally as unpersuaded.

To find in favor of defendant corporation would involve invoking the common law principle of *per quod servitium amisit*[1] and asks the court to suggest that every employer faced with the lack of work force due to employee injury has a cause of action against the one responsible for the injury. This would not be wise and we conclude that the trial court correctly decided that New Mexico would stand with a majority of jurisdictions who have refused to do so in similar situations. *See Cravens/Pocock Ins. Agency, Inc. v. John F. Beasley Constr. Co.*, 766 S.W.2d 309, 312 (Tex.App.1989) (decline to apply common law rule of *per quod servitium amisit*); *Ireland Elec. Corp. v. Georgia Highway Express, Inc.*, 166 Ga.App. 150, 303 S.E.2d 497, 498–99 (1983) (negligent injury to employee unforseeable; therefore tortfeasor has no legal duty to employer); *B.V. Merrow Co. v. Stephenson*, 102 Mich.App. 63, 300 N.W.2d 734, 735–36 (1980) (employer did not have a cause of action for damages suffered due to injury of employee by negligent act of third person); *Hartridge v. State Farm Mut. Auto. Ins. Co.*, 86 Wis.2d 1, 271 N.W.2d 598, 601, 603 (1978) (common law right of employer to recover for loss of services of injured servant due to negligence of third party not applicable to present day employer-employee relationships); *Steele v. J & S Metals, Inc.*, 32 Conn.Sup. 17, 335 A.2d 629, 630 (1974) (employer cannot recover if injury to employee is inflicted through mere negligence); *Baughman Surgical Assoc., Ltd. v. Aetna Casualty & Sur. Co.*, 302 So.2d 316, 317–19 (La.App.1974) (corporation cannot recover damages for losses resulting from employee's injuries); *Snow v. West*, 250 Or. 114, 440 P.2d 864, 865 (1968) (no employer recovery for lost profits because of negligent injury to employee). *But see Lundgren v. Whitney's, Inc.*, 94 Wash.2d 91, 614 P.2d 1272, 1276 (1980) (lost profits recoverable if they can be estimated with reasonable certainty).

It is our determination that the trial court correctly concluded there is no coverage under the terms of the insurance policy afforded the defendant corporation for economic losses derivative of Olsen's injuries and the trial court's grant of summary judgment was correct. The parties' respective requests for attorney fees and costs are DENIED. The judgment of the United States District Court for the District of New Mexico is

AFFIRMED.

---

1. "Whereby he lost the service [of his servant]."      Black's Law Dictionary 1028 (5th ed.1979).