857 P.2d 22

**Flora FERNANDEZ and Ruby Fernandez, Petitioners–Appellees,**

v.

**FARMERS INSURANCE COMPANY OF ARIZONA, Respondent–Appellant.**

**No. 20515.**

Supreme Court of New Mexico.

July 7, 1993.

Romero & Romero, Dennis C. Romero, Taos, for petitioners-appellees.

Schutte & Trafton, P.C., Donald C. Schutte, Albuquerque, for respondent-appellant.

## OPINION

MONTGOMERY, Justice.

Two automobile-accident victims, Flora and Ruby Fernandez ("the Fernandezes"), arbitrated with their insurance company, Farmers Insurance Company of Arizona ("Farmers"), over their claims under various underinsured motorist policies. The arbitration panel entered an award that, according to the Fernandezes, misapplied the law. The Fernandezes petitioned the trial court to modify or correct the award;

Farmers, the successful party in the arbitration, counterpetitioned for confirmation of the award. The trial court agreed with the Fernandezes and remanded the proceeding to the arbitrators to apply what the court held was the proper application of the law. Farmers brought this interlocutory appeal to us, contending that the court lacked the authority to review the arbitration award for errors of law. We agree with this contention, reverse the court's decision, and remand with instructions to enter judgment confirming the award.

## I.

In July 1985, a car driven by Ruby Fernandez was struck by a car backing out of a driveway in Llano Quemado, New Mexico. Ruby Fernandez and her passenger, Flora, were injured in the collision. At the time of the accident, the driver of the other vehicle, who was at fault, carried a single-limit liability insurance policy in the sum of $60,000. With Farmers' consent, Ruby Fernandez received $25,000 of this sum and Flora Fernandez received $20,000.[1]

The Fernandezes were insured by policies issued by Farmers providing underinsured motorist coverage. When the Fernandezes and Farmers were unable to agree on the amount of the Fernandezes' damages, the Fernandezes demanded arbitration pursuant to arbitration clauses in the insurance policies, and an arbitration was held in November 1990. On June 13, 1991, the arbitration panel issued its award, finding that Ruby Fernandez had suffered damages in the amount of $32,500 and that Flora Fernandez had suffered damages of $75,000. The award also considered the extent to which each of the Fernandezes was entitled to underinsured motorist benefits. Construing NMSA 1978, Section 66–5–301(B) (Repl.Pamp.1989),[2] the arbitrators deter-

---

1. Abraham Fernandez, a passenger in the Fernandezes' car at the time of the accident, was also injured and received the remaining $15,000 of the proceeds from the tortfeasor's liability insurance. He was not a party to the subsequent arbitration and is not involved in this appeal.

2. NMSA 1978, § 66–5–301(A) (Repl.Pamp.1989), requires that all automobile liability policies issued in New Mexico include coverage for bodily injury and property damage caused the insured by an uninsured motorist. Section 66–5–301(B) provides that the uninsured motorist coverage shall include underinsured motorist

mined that the proper method of calculating available underinsured motorist benefits was to apply the limits of liability under the tortfeasor's available insurance, $60,000, separately to the amount of damages found to have been suffered by each underinsured victim. Thus, the arbitrators found that $15,000 in underinsured motorist benefits was available for Flora Fernandez ($75,000 − $60,000 = $15,000) and that Ruby Fernandez was entitled to no underinsured motorist benefits because her damages of $32,500 did not exceed the tortfeasor's available insurance coverage of $60,000.

The Fernandezes filed their petition to modify or correct the award in July 1991, contending that the award was "imperfect as a matter of form" because the method used by the arbitrators to determine the available underinsured motorist benefits was incorrect.[3] The proper method for determining the available benefits, claimed the Fernandezes, is to reduce the victim's damages by that portion of the tortfeasor's liability insurance actually received by each claimant. Accordingly, the petition requested the court to modify the award to grant $55,000 to Flora Fernandez ($75,000 − $20,000 = $55,000) and $7,500 to Ruby Fernandez ($32,500 − $25,000 = $7,500).

Farmers' response to the petition asserted that the relief requested by the Fernandezes was barred by the Uniform Arbitration Act ("the Arbitration Act"), NMSA 1978, Sections 44–7–1 to –22. Farmers counterpetitioned for confirmation of the arbitrators' award or, in the event the district court did review issues of law, for

resubmission of all matters of law and fact to the arbitrators or the district court for further decision.

Farmers and the Fernandezes then each filed a motion for summary judgment. The trial court declined to grant summary judgment to either party, but instead remanded the matter to the arbitrators for correction of their award.[4] The court ruled that it had jurisdiction to remand the award for correction or modification of an issue of law decided by the arbitrators when the arbitrators had incorrectly applied the law. The arbitrators were instructed to apply the law as set out in *Gonzales v. Millers Casualty Insurance Co.*, 923 F.2d 1417, 1419–22 (10th Cir.1991), in which the United States Court of Appeals for the Tenth Circuit affirmed a New Mexico federal district court's ruling that under New Mexico law, where there are multiple claimants to the proceeds of a tortfeasor's liability insurance coverage, the court must look to the liability proceeds actually available to the claimants in determining whether and to what extent the tortfeasor is an underinsured motorist.[5]

The court's order contained the certification necessary to enable Farmers to apply for an interlocutory appeal under NMSA 1978, Section 39–3–4 (Repl.Pamp.1991) (conferring appellate jurisdiction to entertain interlocutory appeal when order appealed from involves controlling question of law as to which there is substantial ground for difference of opinion and immediate appeal may materially advance ultimate termination of the litigation). Farmers thereupon filed an application for interlocutory

coverage and defines an "underinsured motorist" as "an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."

3. Section 44–7–13(A)(3) of the Uniform Arbitration Act as enacted in New Mexico, cited later in the text, allows for modification or correction of an award "imperfect in a matter of form, not affecting the merits of the controversy." It appears that the Fernandezes' objection is to the result of the award, not to its form, *see Carolina*

*Va. Fashion Exhibitors, Inc. v. Gunter*, 41 N.C.App. 407, 255 S.E.2d 414, 419 (1979); but we do not rule on this issue since the question has not been briefed or argued by the parties.

4. The court apparently regarded its order as interlocutory in nature, since further proceedings to confirm the award, once corrected by the arbitrators, would have been necessary or appropriate.

5. We do not decide whether either the Tenth Circuit's or the arbitration panel's interpretation of New Mexico law is correct. That question is not an issue on this appeal.

appeal, which this Court granted. As stated previously, Farmers argues that the district court lacked authority to review a question of law decided by the arbitrators.

## II.

 This Court has repeatedly reaffirmed the strong public policy in this state, expressed in the Arbitration Act, in favor of resolution of disputes through arbitration. *See, e.g.,* NMSA 1978, § 44–7–1; *United Technology & Resources, Inc. v. Dar Al Islam,* 115 N.M. 1, 3, 846 P.2d 307, 309 (1993); *Spaw–Glass Constr. Servs., Inc. v. Vista De Santa Fe, Inc.,* 114 N.M. 557, 558, 844 P.2d 807, 808 (1992); *Dairyland Ins. Co. v. Rose,* 92 N.M. 527, 530, 591 P.2d 281, 284 (1979). Arbitration is a process by which parties submit their disputes to an impartial private tribunal for a final and binding decision based upon the parties' presentation of arguments and evidence. Gabriel M. Wilner, *Domke on Commercial Arbitration* § 1:01 (rev. ed. 1991) [hereinafter *Domke* ]. This process allows for the informal, speedy, and inexpensive final disposition of disputes, *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.,* 108 N.M. 192, 193, 769 P.2d 726, 727 (1989), and also aids in relieving the judiciary's heavily burdened caseload, *see United Technology,* 115 N.M. at 3, 846 P.2d at 309 (legislative intent in encouraging arbitration is to reduce caseload in courts). In order to promote judicial economy through the use of arbitration, the finality of arbitration awards is enforced by strict limitations on court review of those awards. *Id.*

 The Arbitration Act controls the scope of the district court's review of an arbitration award.[6] Sections 44–7–12[7] and 44–7–13[8] of the Act establish the statutory grounds for vacating, modifying, or correcting an award. In the absence of any of these statutory grounds, the court must confirm an award submitted for review. Section 44–7–11; *United Technology,* 115 N.M. at 4, 846 P.2d at 310. The district court's review thus is generally limited to allegations of fraud, partiality, misconduct, excess of powers, or technical problems in the execution of the award. Sections 44–7–12 & –13. The Arbitration Act clearly does not provide for review of arbitration awards on the merits of the controversy, particularly in light of its provision that "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." Section 44–7–12(A)(5). We therefore hold that the district court does not have the authority to review arbitration awards for errors as to the law or the facts; if the award is fairly and honestly made and if it is within the scope of the

---

6. This Court resolved the potential conflict between the provisions for judicial review of arbitration awards under the Arbitration Act, *see* §§ 44–7–12 & –13, and the provision for de novo review of arbitration awards concerning uninsured motorist coverage in automobile liability policies under NMSA 1978, § 66–5–303, in *Dairyland Insurance Co. v. Rose,* 92 N.M. at 530, 591 P.2d at 284, which held that the Arbitration Act "was intended to supersede the de novo trial provision of the uninsured motorist insurance law."

7. Section 44–7–12(A) specifies the following grounds for vacating an award: "(1) [T]he award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing upon sufficient cause shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [44–7–5 NMSA 1978], as to prejudice substantially the rights of a party; or (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 [44–7–2 NMSA 1978] and the party did not participate in the arbitration hearing without raising the objection."

8. Section 44–7–13(A) provides for the correction or modification of an award where: "(1) [T]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy."

submission, the award is a final and conclusive resolution of the parties' dispute. *See Spaw–Glass,* 114 N.M. at 560, 844 P.2d at 810; *see also, e.g., Schnurmacher Holding, Inc. v. Noriega,* 542 So.2d 1327, 1328 (Fla.1989) (arbitration awards cannot be set aside for arbitrator's errors of judgment as to either the law or facts); *Metropolitan Airports Comm'n v. Metropolitan Airports Police Fed'n,* 443 N.W.2d 519, 524 (Minn.1989) (as to merits of dispute, arbitrator is final judge as to law and fact); *Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth.,* 363 Mass. 386, 294 N.E.2d 340, 343 (1973) (arbitrator's grossly erroneous decision is binding in absence of fraud); *Domke, supra,* at § 34:00 (arbitrator's decision on facts and law conclusive without proof of fraud, corruption or other misconduct); 5 Am.Jur.2d *Arbitration & Award* § 167 (1962) (arbitrators are final judges of both law and fact).

■ To hold otherwise would undermine the goals of arbitration. Should this Court interpret the Arbitration Act to allow impeachment of awards based on honest errors of the arbitration panel, arbitration would be transformed from a final determination of the controversy into merely the first step in the resolution of a dispute. In this context, the United States Supreme Court stated over one hundred years ago that judicial review of arbitration awards for errors of fact or law "would make an award the commencement, not the end, of litigation." *Burchell v. Marsh,* 58 U.S. (17 How.) 344, 349, 15 L.Ed. 96 (1855). Judicial reexamination of arbitrators' rulings on findings of fact and issues of law would prolong adversary proceedings, thereby frustrating the parties' goals of using an expeditious and relatively inexpensive alternative to litigation.

Similarly, extended judicial review of arbitrators' decisions would defeat the goal of reducing the caseload of the courts. The courts would have to deal with more complex and more numerous appeals of arbitration awards, as well as provide a forum for those parties turning directly to the courts to decide their disputes, inasmuch as parties might perceive an arbitration lacking finality to be only another, and unnecessary, step in the litigation process.

■ We recognize that under appropriate circumstances the district court may find an arbitration panel's mistake of fact or law so gross as to imply misconduct, fraud, or lack of fair and impartial judgment, each of which is a valid ground for vacating an award. *See Board of Educ. v. Prince George's County Educators' Ass'n,* 309 Md. 85, 522 A.2d 931, 938 (1987). That is not the case here. The calculation of uninsured motorist benefits when there are multiple claimants is a problem that has not been addressed by New Mexico appellate courts, so the arbitration panel had no binding authority to guide them in their decision. The correct application of Section 66–5–301(B) in multiple claimant situations is not self-evident, and other jurisdictions considering this question under statutes similar to New Mexico's have reached mixed results. *Compare Knudson v. Grange Mut. Cos.,* 31 Ohio App.3d 20, 507 N.E.2d 1155, 1158 (1986) (holding that court should look to liability proceeds actually available, rather than stated policy limits, in multiple claimant situations) *with Mullen v. Liberty Mut. Ins. Co.,* 589 A.2d 1275, 1276–77 (Me.1991) (holding that stated policy limits, rather than liability proceeds actually received, should be used in calculating benefits in multiple-claimant situations). We hold that the arbitration panel's interpretation of Section 66–5–301(B) was a permissible exercise of its arbitral power, even if arguably incorrect, and thus cannot be read as an error so gross as to evidence misconduct or fraud.

■ Farmers and the Fernandezes agreed to submit their dispute to an arbitration panel. The dispute to be arbitrated included the question of the manner in which the underinsured motorist insurance was to be applied in determining the awards. Had the Fernandezes wished the district court to resolve this issue, they could have made a prearbitration request for a declaration of how the question was to be resolved. *Guaranty Nat'l Ins. Co. v. Valdez,* 107 N.M. 764, 766–67, 764 P.2d

1322, 1324–25 (1988). However, once the issue had been committed to the arbitrators for determination, the parties were bound by the arbitrators' decision. Having placed the resolution of the dispute in the hands of the arbitrators, the Fernandezes cannot disavow the award or ask for the court's reconsideration of an issue decided by the arbitrators. *See United Technology*, 115 N.M. at 7, 846 P.2d at 312 ("Having bitten once at the arbitration apple, [the unsuccessful party] cannot now take a second bite from the judicial one."). So long as the award is made fairly and honestly and is restricted to the scope of the submission, it must be confirmed by the district court.

### III.

We now address the Fernandezes' arguments urging this Court to allow judicial review of issues of law submitted to, and resolved by, arbitration. The Fernandezes make three points in this connection. First, they contend that, because this Court reviewed questions of law decided initially by arbitrators in *Stinbrink v. Farmers Insurance Co.*, 111 N.M. 179, 803 P.2d 664 (1990), and *Stewart v. State Farm Mutual Automobile Insurance Co.*, 104 N.M. 744, 726 P.2d 1374 (1986), the district court did have authority to modify the award because of an arbitrators' error in applying the law. Second, they maintain that review of issues of law is appropriate when necessary to align the arbitrators' decision with the public policy underlying the uninsured motorist statutes, NMSA 1978, §§ 66–5–301 to –303 (Repl.Pamp.1989). Third, they suggest that this Court expand the scope of review of arbitration awards to allow vacation of an award where the arbitrators have made an error of law that is so significant that, but for the error, the award would have been substantially different. We reject each of these contentions.

■ The Fernandezes first argue that *Stinbrink* and *Stewart* provide authority for the proposition that judicial review of arbitration awards for errors of law is permissible. We disagree. The question whether judicial review of questions of law raised by an arbitration award is permitted under the Arbitration Act was not argued or briefed in either *Stinbrink* or *Stewart*. Thus, neither of those decisions discussed the issue decided here. As we noted in *Sangre de Cristo Development Corp. v. City of Santa Fe*, 84 N.M. 343, 348, 503 P.2d 323, 328 (1972) (quoting *United States v. Tucker Truck Lines*, 344 U.S. 33, 38, 73 S.Ct. 67, 70, 97 L.Ed. 54 (1952)), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 400 (1973): "The general rule is that cases are not authority for propositions not considered. Likewise, the United States Supreme Court has long held that it '... is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*.' "

■ We also reject the Fernandezes' contention that, because the specific provisions of the uninsured motorist statutes should be given effect over the more general provisions of the Arbitration Act, *see Stinbrink*, 111 N.M. at 182, 803 P.2d at 667, this Court should effectuate the legislative intent behind the uninsured motorist statutes by allowing judicial review of the arbitrators' decision. The rule of statutory construction used in *Stinbrink*, however, only applies when two or more statutes have conflicting provisions concerning the same matter. In *Stinbrink*, this rule of construction was used to help determine which of three conflicting statutes should be applied in awarding arbitration costs. *Id.* at 181, 803 P.2d at 666. Here there is no conflict between the public policy underlying the uninsured motorist statutes and the statutory provisions of the Arbitration Act limiting judicial review of arbitration awards, so the rule of construction advanced by the Fernandezes is inapplicable.

■ The Fernandezes further urge this Court to adopt the modified scope of review of arbitration awards used in Michigan, as expressed in *Detroit Automobile Inter–Insurance Exchange v. Gavin*, 416 Mich. 407, 331 N.W.2d 418 (1982), and *St. Bernard v. Detroit Automobile Inter–Insurance Exchange*, 134 Mich.App. 178, 350 N.W.2d 847 (1984). In those cases, Michi-

gan appellate courts interpreted that state's arbitration statute to allow judicial review of arbitration awards where " 'the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made....' " *Gavin*, 331 N.W.2d at 434 (quoting *Howe v. Patrons' Mut. Fire Ins. Co.*, 216 Mich. 560, 185 N.W. 864, 868 (1921)). The Michigan courts reached this result by ruling that the provision of the Uniform Arbitration Act allowing an arbitration award to be vacated when the arbitrators have exceeded their powers (in New Mexico, Section 44–7–12(A)(3)) applies when arbitrators have made an error of law. *Gavin*, 331 N.W.2d at 435; *St. Bernard*, 350 N.W.2d at 851. Most courts, however, read this section of the Uniform Arbitration Act narrowly and will only find that arbitrators have exceeded their powers when the arbitrators rule on a matter that is beyond the scope of the arbitration agreement, *see T & M Properties v. ZVFK Architects & Planners*, 661 P.2d 1040, 1044 (Wyo.1983); inconsistent with the arbitration agreement, *see Port Huron Area Sch. Dist. v. Port Huron Educ. Ass'n*, 426 Mich. 143, 393 N.W.2d 811, 819 (1986); removed from their consideration by statute, *see Plymouth–Carver Regional Sch. Dist. v. David M. Crawley Assocs., Inc.*, 17 Mass.App.Ct. 901, 455 N.E.2d 990, 991 (1983), *review denied*, 391 Mass. 1103, 461 N.E.2d 1219 (1984); or removed from their consideration by case law, *see Stewart*, 104 N.M. at 747, 726 P.2d at 1377. We decline to adopt the minority view advocated by the Fernandezes because we believe that this interpretation contravenes the limitations on judicial review of arbitration awards in Section 44–7–12(A)(5), and that such an expansion of the judicial role in arbitration would be contrary to the legislature's intent in enacting the Arbitration Act.

For these reasons, the district court's order remanding the parties' dispute to the arbitration panel is vacated, and the cause is remanded to the district court with instructions to enter judgment confirming the award in accordance with Section 44–7–11.

**IT IS SO ORDERED.**

BACA and FROST, JJ., concur.