JUSTICE TRIEWEILER
specially concurring.
I concur with the majority’s conclusion that the District Court did not abuse its discretion when it refused to vacate the arbitrator’s award.
However, I do not agree with all that is said in the majority opinion. I specifically do not agree with the majority’s conclusion that arbitration awards should not be reviewed for manifest disregard of the law.
*30 While the parties in this case did enter into a true agreement to submit their dispute to arbitration; and while it may be more “judicially comfortable” to limit our review to the few bases provided for by statute; we, as a Court, have an independent responsibility to invalidate agreements which are in violation of public policy.
If an agreement to arbitrate relieves the parties to that agreement from their responsibilities provided for by law, as should be inferred from the majority opinion, then in my opinion, that agreement is void because it is contrary to the public policies of this State. The only way to uphold the agreement, then, is to hold that arbitration awards are reviewable for manifest disregard of the law. I also conclude that doing so does not exceed our statutory scope of review.
The majority states that:
Moreover, FNP does not analyze how this Court properly could adopt and apply the manifest disregard standard given the strictly limited judicial review available under the MUAA and our statutory obligation to refrain from inserting into statutes matters not included by the legislature.
However, reviewing arbitration awards for manifest disregard for the law is perfectly consistent with the statutory bases for reviewing arbitration awards. Section 27-5-312(l)(b), MCA, provides that arbitration awards may be vacated by a district court where “there was evident partiality by an arbitrator ... or misconduct prejudicing the rights of any party ....”
Those federal decisions which have discussed the meaning of a “manifest disregard of the law” have concluded that it involves more than simply a misapplication of the law. It results where the record reveals that the arbitrator clearly understands the law but deliberately disregards it. See San Martine Compania de Navegacion, S.A. v. Saquenay Terminal, Ltd. (9th Cir. 1961), 293 F.2d 796, 801. If understanding, but then blatantly refusing to follow the law is not evidence of partiality or misconduct which prejudices the rights of the victimized party, then I do not know what would satisfy that statutory standard for setting aside an arbitration award.
I am also troubled by the majority’s repeated criticism of the appellant for failing to cite to authority from sister states which would allow this Court to review the arbitrator’s findings of fact or conclusions of law, while at the same time it refuses to acknowledge that such authority has in fact been brought to its attention.
When discussing whether evident partiality has been established, the majority states:
*31 We do so only briefly faced, as we are, with FNP’s failure to cite to any decisions of sister states on the subject. While we recognize that no Montana decisions have interpreted the MUAA’s “evident partiality” standard, the legislature has directed that we be guided by decisions in sister states which have enacted the Uniform Arbitration Act in order to effectuate the purpose of keeping the law uniform.
Later in its opinion, the majority states that:
Significantly, as in the first issue, FNP presents no authority from sister states applying the manifest disregard standard under their respective Uniform Arbitration Acts. It is clear that the legislature intended us to be guided by such sister state decisions in interpreting the MUAA, rather than simply following blindly every federal approach to arbitration.
New Mexico is a sister state which has enacted the Uniform Arbitration Act atN.M. Stat. Ann. §§ 44-7-1 to -22 (Michie 1978). That state, through the decisions of its highest court, has limited its review of arbitration awards to the statutory bases provided for in the Uniform Act. However, in the application of those statutory criteria, that court has not found it necessary to turn a blind eye to a gross misapplication of the facts or the law. In Fernandez v. Farmers Ins. Co. of Arizona (N.M. 1993), 857 P.2d 22, 26, that court stated:
We recognize that under appropriate circumstances the district court may find an arbitration panel’s mistake of fact or law so gross as to imply misconduct, fraud, or lack of fair and impartial judgment, each of which is a valid ground for vacating an award.
(Citing Board of Educ. v. Prince George’s County Educators’ Ass’n (1987), 309 Md. 85, 522 A.2d 931, 938.)
In other words, even in the judiciary’s application of the statutory criteria for reviewing arbitrator awards, there must necessarily be some consideration of the arbitrator’s application of the facts and law. The majority opinion erroneously infers that there should be none. I cannot concur in such an abdication of judicial responsibility for the sake of efficiency, nor the implication that there is no authority for the scope of review proposed by the appellant.
For these reasons, I specially concur with the majority opinion.