JUSTICE TRIEWEILER
specially concurring.
I concur with the majority’s conclusion that the District Court did not abuse its discretion when it refused to vacate or modify the plaintiffs’ arbitration award.
I disagree with what is left out of the majority opinion.
*7 Section 27-5-112, MCA, provides that the purpose of Montana’s Uniform Arbitration Act is to make uniform the. law of those states which have enacted it. One of those states that has enacted the Uniform Arbitration Act is New Mexico.
The New Mexico court, in Fernandez v. Farmers Insurance Co. of Arizona (N.M. 1993), 857 P.2d 22, 26 (cited in the majority opinion), provided that while judicial review is limited by statute, the district court may find an arbitrator’s mistake of fact or law so gross as to imply misconduct, fraud, or lack of fair and impartial judgment, each of which is a valid ground for vacating an award. I conclude that such a consideration must, at a minimum, be included in our standard of review. Otherwise, agreements to arbitrate would be agreements to avoid the obligations imposed under Montana law, and therefore, void as contrary to public policy.
Finally, the parties in this case stipulated that the arbitration award would be made pursuant to Montana law. If the arbitrator’s decision was based on a gross disregard for Montana law, it exceeded his authority pursuant to the arbitration agreement. I conclude that the district court’s scope of review should include review for gross mistakes of law or fact.
However, applying that standard of review in this case, I conclude that there were no mistakes of law or fact so gross that they justify setting aside the arbitrator’s award. For these reasons, I specially concur in the majority opinion.