2003-NMCA-044

63 P.3d 1159

**CALIFORNIA CASUALTY INSURANCE COMPANY, a California corporation, Plaintiff–Appellant,**

v.

**Donna GARCIA–PRICE, individually and as Personal Representative of the Estate of Erik Sanchez, Deceased, and Robert H. Price, Defendants–Appellees.**

**No. 22,262.**

Court of Appeals of New Mexico.

Nov. 13, 2002.

Patrick D. Allen, Matthew A. Pullen, Yenson, Lynn Allen & Wosick, P.C., Albuquerque, NM, for Appellant.

Dennis P. Murphy, Montoya, Murphy & Garcia, Santa Fe, NM, for Appellees.

## OPINION

BOSSON, Chief Judge.

{1} California Casualty Company ("insurance company") filed this declaratory judgment action seeking to establish that it was not liable to Defendants under the uninsured/underinsured provisions of its automobile insurance policy. Pursuant to an arbitration clause in the policy, Defendants moved to have the case sent to arbitration, and the court granted the motion. Insurance company appeals, arguing that the language of the arbitration clause does not allow for arbitration of coverage issues. Insurance company contends that arbitration is available only for issues of liability and damages, and that coverage issues present questions of law that can be determined only by a court. Both sides rely heavily on *Guar. Nat'l Ins. Co. v. Valdez*, 107 N.M. 764, 766–67, 764 P.2d 1322, 1324–25 (1988), which requires us to interpret that opinion and apply it for the first time in New Mexico to this issue. We hold that, under the circumstances of this case, the trial court correctly ruled that coverage issues are arbitrable, and affirm.

## BACKGROUND

{2} Erik Sanchez was murdered when he was thrown off the Taos Gorge bridge during the course of a car theft. The crime began when two men, Luis Acosta, the driver, and David Sandoval, the passenger, tricked Sanchez into pulling over and stopping his car. Sandoval then forced Sanchez at gunpoint to relinquish control of his car, and Sandoval

drove off with Sanchez in the passenger seat. Acosta followed in the other car. Eventually, Acosta left his car at his mother's house, and the two hijackers continued in Sanchez's car to the bridge, where they threw Sanchez to his death and took his car.

{3} The personal representative of Sanchez's estate and Sanchez's stepfather, Robert Price, (hereafter "Defendants") began pursuing a claim against insurance company under the uninsured/underinsured provisions of Price's automobile insurance policy with insurance company. Defendants based their claim on a theory that Sanchez's death arose out of the ownership, maintenance, or use of Acosta's vehicle, which was uninsured, and Sanchez's vehicle, which was driven or controlled by Sandoval, an uninsured and unauthorized driver, during the course of the crime.

{4} Insurance company filed this declaratory judgment action against Defendants seeking to establish that it is not liable under the policy. In response, Defendants moved to compel arbitration, relying on policy language allowing either party to select arbitration "[i]f an **insured** and we do not agree ... [w]hether that person is legally entitled to recover damages ... or [as] to the amount of damages...." Insurance company rejected arbitration, arguing that the core dispute required the trial court to determine, in the first instance, whether there was coverage—a question of law—before Defendants had any right to rely on the arbitration clause in the policy. The insurance company's position relied on *Valdez.*

{5} The trial court disagreed with insurance company. It read *Valdez* to require it to analyze the specific language of the policy to determine the scope of the arbitration clause. The court did so, and concluded that the phrase "legally entitled to recover damages" was broad enough to include questions of coverage. The court granted Defendants' motion to compel arbitration from which insurance company appeals. *See Britt v. Phoenix Indem. Ins. Co.,* 120 N.M. 813, 815–16, 907 P.2d 994, 996–97 (1995) (construing an order compelling arbitration as final and appealable).

## DISCUSSION
### Standard of Review

{6} The scope of the arbitration clause is a question of law which we review de novo. *Rummel v. Lexington Ins. Co.,* 1997–NMSC–041, ¶ 60, 123 N.M. 752, 945 P.2d 970 (stating that the interpretation of an insurance contract is a matter of law reviewed de novo). When, as here, the resolution of the issue involves the interpretation of documentary evidence, we are in as good a position as the trial court to interpret the contract, and need not defer to the trial court. *See Kirkpatrick v. Introspect Healthcare Corp.,* 114 N.M. 706, 711, 845 P.2d 800, 805 (1992).

### Scope of the Arbitration Provision

{7} The arbitration clause allows either party to select arbitration "[i]f an **insured** and we do not agree ... [w]hether that person is legally entitled to recover damages ... or [as] to the amount of damages...." If the language "legally entitled to recover" includes coverage issues, Defendants have a right to compel arbitration. If it does not, then insurance company is correct that the arbitration clause does not apply to the issues raised in this action for declaratory judgment.

{8} Insurance company's complaint for declaratory judgment provides numerous reasons why it contends that the policy does not cover damages caused by the actions of Sandoval and Acosta. Among other things, it argues that Sanchez's death was not an "accident"; that the criminal conduct was an independent, intervening cause of the death; that Sanchez did not reside with the owner of the policy and was not listed a driver on the policy; that Sanchez's death did not arise out of the ownership, maintenance, or use of an uninsured vehicle; and that Defendants did not give prompt notice of the accident.

{9} The insurer characterizes these as coverage issues, and therefore as questions of law that must be decided by a court and not by arbitrators. While some of these claims may be properly characterized as questions of law, others appear to involve factual issues. However, for purposes of this opinion, it is unnecessary to determine whether they

are questions of law or of fact. We assume that the complaint for declaratory judgment presents coverage issues and questions of law.

### The Trial Court's Duty Under *Valdez*

■ {10} Insurance company relies on *Valdez* for its proposition that coverage issues should not be decided in arbitration. *See Valdez,* 107 N.M. at 766–67, 764 P.2d at 1324–25. It argues that if a dispute arises over whether the arbitration clause applies, it must be resolved first by a court before arbitration can proceed. We appreciate that the *Valdez* opinion includes language that appears to support insurance company's view. For example, *Valdez* states:

> We do not hold that arbitration is unavailable to parties seeking to resolve a disputed question of law. But where a question of law is in dispute, and where one of the parties to an arbitration agreement resists arbitration and seeks a determination of that legal question by the court, then that party must be heard—as to that issue—by the court.

*Id.* at 766, 764 P.2d at 1324. The insurer also relies on *Valdez's* statement that, "[w]here, as here, a complaint for declaratory judgment raises questions of law arising from the disputed interpretation of an arbitration contract, the proper forum for resolution of such questions is the trial court." *Id.* Insurance company interprets these statements from *Valdez* as stating a rule that any dispute about coverage must be submitted to the court, and cannot be arbitrated.

{11} In reviewing Defendants' motion to compel arbitration, the trial court read *Valdez* differently from insurance company. The court interpreted *Valdez* to require it to determine, as a threshold matter, whether the arbitration clause applies to coverage issues. The court noted that the problem in *Valdez* was that the district court did not engage in that threshold analysis, and simply sent the case to arbitration without determining whether the parties had agreed to arbitrate coverage issues. Here, in contrast, the court did make a threshold analysis, and concluded that by using the broad language

"legally entitled to recover," the parties agreed to arbitrate disputes over coverage.

{12} We agree with the trial court's reading of *Valdez.* That opinion does not hold that coverage issues, or legal issues, may not be arbitrated. *Id.* ("We do not hold that arbitration is unavailable to parties seeking to resolve a disputed question of law."). *Valdez* states that the "trial court may not abdicate its jurisdiction [over a declaratory judgment] without deciding whether the parties have agreed to arbitrate the issues raised in the complaint." *Id. Valdez* further provides: "Should the trial court find that the parties agreed to arbitrate the issues raised in the complaint, the court may then of course still require the parties to submit to arbitration as they have contracted." *Id.* at 767, 764 P.2d at 1325; *see also K.L. House Const. Co. v. City of Albuquerque,* 91 N.M. 492, 493–94, 576 P.2d 752, 753–54 (1978) (stating that an arbitration agreement will be given broad interpretation unless the parties themselves limit arbitration to specific areas or matters, and that, barring such limitation, the court should order arbitration).

{13} Here, the trial court did exactly what *Valdez* said it should do. The court interpreted the arbitration clause, something the trial court in *Valdez* did not do, and concluded that the language of the arbitration clause was broad enough to include issues of coverage. The court then ruled that the parties had agreed to arbitrate the very issues insurance company raises in its complaint for declaratory judgment. Consequently, *Valdez* is grounds for affirming, not reversing, the actions of the court below.

{14} In addition to *Valdez,* insurance company relies on Washington state case law holding that coverage issues are not subject to arbitration. *See Price v. Farmers Ins. Co.,* 133 Wash.2d 490, 946 P.2d 388, 392–94 (1997). However, we need not look to other courts, when the opinions of our own Supreme Court expressly encourage the trial court to determine for itself whether a particular arbitration clause allows for arbitration of legal issues, including coverage. *See Valdez,* 107 N.M. at 766–67, 764 P.2d at 1324–25; *K.L. House,* 91 N.M. at 493–94, 576 P.2d at 753–54.

{15} The insurance company incorrectly asserts that "[n]oted legal commentators on this issue ... agree that coverage issues should be decided by courts." The treatise on which insurance company relies describes a split of authority on this issue. *See* 2 Allen I. Widiss, *Uninsured and Underinsured Motorist Coverage* §§ 24.4, 24.5, 24.8, 24.9 (rev.2d ed.2000). Further, contrary to the insurer's assertion, Professor Widiss discusses distinct advantages to having the entire dispute, including coverage issues, decided in arbitration. *See id.* § 24.10.

**The Arbitration Clause**

■ {16} Insurance company next argues that the trial court misinterpreted the arbitration clause when it determined that the language "legally entitled to recover" includes coverage issues. Insurance company asserts that this same language has already been determined to include only issues of liability and damages, and not coverage. *See Wood v. Millers Nat'l Ins. Co.,* 96 N.M. 525, 529, 632 P.2d 1163, 1167 (1981). We disagree. Although the policy in *Wood* contained similar language, that opinion makes no such distinction, and did not address the issue in this case. *See Fernandez v. Farmers Ins. Co.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (stating the general rule that cases are not authority for propositions not considered). *Wood* is not authority for the proposition that insurance company puts forth on this appeal.

{17} Insurance company also points out that the language from the arbitration clause in this case is identical to that considered in *Valdez,* and it argues that we must reach the same result as *Valdez.* Again, we are not persuaded. The Supreme Court in *Valdez* never interpreted the language "legally entitled to recover" in the arbitration clause. To the contrary, the Court remanded with instructions for the district court to make that determination and decide whether the parties had agreed to arbitrate coverage issues. In the case before us, of course, the trial court has already made that determination below.

{18} In our view, the trial court correctly construed the arbitration clause to include coverage issues. The clause is broadly framed. It does not discuss or distinguish between "liability" and "coverage." It contains no specific limitations on the types of issues that cannot be arbitrated. At best, its plain meaning establishes that whether a person can recover at all is arbitrable. At worst, it is ambiguous, because it is susceptible of different meanings. *See Rummel,* 1997–NMSC–041, ¶ 19, 123 N.M. 752, 945 P.2d 970 (defining ambiguity). The interpretation of an ambiguity is a legal question that we review de novo. *Id.* Whether we follow the plain meaning of the clause, or whether we consider it ambiguous and proceed to interpret it, our holding is the same. We agree with the trial court's conclusion that whether an insured "is legally entitled to recover" is broad enough to include both liability and coverage issues.

■ {19} Insurance company next argues that because arbitration greatly restricts its right to appeal any error allegedly occurring during arbitration, any doubt should be resolved in favor of its right to have the legal question of coverage determined in court. *See Valdez,* 107 N.M. at 767, 764 P.2d at 1325 (noting that limited review of arbitration decisions supports a conclusion that whether the parties agreed to arbitrate a particular issue must be carefully scrutinized). Insurance company is correct that limited review of an arbitration panel's decision is inherent in the arbitration process. *See Fernandez,* 115 N.M. at 626, 857 P.2d at 26. Otherwise, arbitration would no longer be a speedy, efficient, and relatively inexpensive mechanism for resolving disputes. *Id.* It would instead "be transformed from a final determination of the controversy into merely the first step in the resolution of a dispute." *Id.*

■ {20} However, we disagree that limited judicial review should tip the balance in the insurer's favor. An insurance contract is an adhesion contract, in which the insured has no bargaining power. *See Albuquerque Tire Co. v. Mountain States Tel. & Tel. Co.,* 102 N.M. 445, 448, 697 P.2d 128, 131 (1985) (defining adhesion contract); *Pribble v. Aetna Life Ins. Co.,* 84 N.M. 211, 215, 501 P.2d 255, 259 (1972) (recognizing that insurance contracts are adhesion contracts). The insurance company controls the language. If

an insurance company wants to modify the arbitration clause to state plainly that coverage issues are not subject to arbitration, it may do so. Other insurance companies have done so, but this insurance company did not.

{21} Policy considerations favor the insured. Arbitration is designed to be a speedy and relatively inexpensive process. *Jaycox v. Ekeson,* 115 N.M. 635, 637, 857 P.2d 35, 37 (1993). Insurance company's argument would create a bifurcated procedure in which the claimant is subjected to a multistep process that begins with judicial resolution of coverage issues, then continues with arbitration of the issues. This piecemeal approach would negate the principal purpose of arbitration—a prompt and economical adjudication that avoids the delay and expense resulting from having matters resolved in court.

{22} We will not impose the additional obstacles urged by insurance company on the insured without clearer policy language stating that coverage issues are not subject to arbitration. Insurance company drafted the broad language in the arbitration clause, and any ambiguity is construed against it. *See Rummel,* 1997–NMSC–041, ¶ 22, 123 N.M. 752, 945 P.2d 970. It bears the burden of narrowing the language if it wants to exclude coverage issues from arbitration. *See K.L. House,* 91 N.M. at 494, 576 P.2d at 754 (stating that a party will be required to arbitrate unless it limits arbitration to specific matters). It has not done so here.

## CONCLUSION

{23} We affirm the order of the district court compelling arbitration.

{24} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and IRA ROBINSON, Judges.