This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RAYMOND F. MENDEZ,**
**MARGARET A. MENDEZ, and**
**THE RAYMOND F. AND MARGARET**
**A. MENDEZ REVOCABLE TRUST,**

Plaintiffs-Appellants,

**v.**                                                            **No. 32,388**

**WELLS FARGO INVESTMENTS, LLC,**
**a limited liability company organized**
**under the law of the State of Delaware, and**
**EDWARD STONEBRAKER,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**BARBARA VIGIL, District Judge**

Raymond Mendez
Margaret Mendez
Santa Fe, NM

Pro Se Appellants

Snell & Wilmer, LLP
Joshua Grabel
Matthew P. Fischer, III
Phoenix, AZ

for Appellees

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiffs appeal, pro se, from a district court order confirming an arbitration award. We issued a calendar notice proposing to affirm. Plaintiffs have responded with a pro se memorandum in opposition. We affirm.

As we understand Plaintiffs' arguments on appeal, they are alleging fraud, misrepresentation, and breach of fiduciary duty in the inception of their investment relationship with Wells Fargo, and in the subsequent management of these investments. However, the standard of review that applies to arbitration decisions is extremely limited. In the absence of a statutory basis to vacate an arbitration award, the district court must enter an order confirming the award. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 625, 857 P.2d 22, 25 (1993) (explaining that when there is no statutory ground for vacating or modifying an arbitration award, the district court must confirm the award). "The district court's review thus is generally limited to allegations of fraud, partiality, misconduct, excess of powers, or technical problems in the execution of the award." *Id*.8

As such, Plaintiffs allegations of fraud and misrepresentation that go to the conduct by Wells that preceded the arbitration process are not relevant to the issue of whether the arbitration award process itself violated one of the statutory grounds listed above. With respect to the arbitration process, Plaintiffs continue to make numerous

allegations, including perjury, bias, and general abuse of process by Defendants and their attorneys. We have considered Plaintiffs' arguments. We conclude that these allegations are too conclusory and that the record otherwise does not establish that any of the grounds to set aside the award were satisfied. *Cf. Melton v. Lyon*, 108 N.M. 420, 422, 773 P.2d 732, 734 (1989) (observing that proof of a ground to vacate an arbitration award must be direct and non-speculative); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ("This [C]ourt will not search the record to find evidence to support an appellant's claims.").

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**LINDA M. VANZI, Judge**