This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AFSCME NEW MEXICO COUNCIL 18,**
**ON BEHALF OF MAXINE VELASQUEZ,**

      **Petitioner-Appellant,**

     **v.**                **No. 34,430**


**EXPO NEW MEXICO,**

      **Respondent-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Youtz &Valdez, P.C.
Shane C. Youtz
Stephen Curtice
Albuquerque, NM

for Appellant

Dina Eileen Holcomb
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} The Union appeals from a district court decision refusing to vacate the arbitrator's ruling in this case. We issued a notice of proposed summary disposition proposing to affirm on July 6, 2015. The Union filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**DISCUSSION**

{2} As set out in the notice of proposed summary disposition, we understand the relevant facts to be as follows. The arbitration took place subsequent to a reduction in force ("RIF") by Employer that resulted in the layoff of a number of Union members. [DS 2-3] The arbitrator found that a violation of the collective bargaining agreement ("CBA") had occurred, due to Employer's failure to provide the Union with all of the pre-RIF information to which it was entitled. However, the arbitrator refused to award any affirmative relief to the Union or its members, such as reinstatement or an award of back pay. [DS 2, 5] The Union argues that the arbitrator exceeded the scope of his authority by ruling that no viable alternative plan existed to the RIF. As the Union acknowledges, a district court's review of an arbitrator's decision is limited in scope; the court cannot simply review the merits of the decision and substitute its own judgment for that of the arbitrator. NMSA 1978, § 44-7A-24(a) (2001); *Fernandez v. Farmers Ins. Co. of Arizona,* 1993-NMSC-035, ¶ 9, 115 N.M.

622, 857 P.2d 22 (decided under former but similar law) (holding that a district court does not have the authority to review arbitration awards for either factual or legal errors). The Union argues, however, that the arbitrator exceeded his powers, which is one of the statutory grounds provided for vacation of an arbitration award. *See* Section 44-7A-24(a)(4).

{3}     In its docketing statement, the Union argued that the arbitrator acted outside the scope of his powers because he failed to fashion an appropriate remedy for the violation of the CBA and because his decision that no viable alternative plan existed was not "based upon the facts established by the testimony and the documents present in the case." [DS 11] In our notice of proposed summary disposition, we proposed to find that the Union was simply attacking the sufficiency of the evidence supporting the arbitrator's decision, which is not a basis to vacate an arbitration award. *See* § 44-7A-24(a); *Fernandez*. We therefore proposed to find that the arbitrator acted within the scope of his powers by analyzing the evidence presented by the parties and coming to the conclusion that no monetary relief such as reinstatement or back pay should be awarded. [RP 39]

{4}     In its memorandum in opposition, the Union maintains its argument that the arbitrator was required by the terms of the agreement to provide "appropriate relief," and the relief in this case was not appropriate because there was no basis for the

3

arbitrator to believe that no alternatives existed to the RIF. The Union argues that the arbitration award was based only on the financial renderings of the Agency, and the Union was prevented from providing alternatives because it lacked necessary information that the Agency failed to provide. [MIO3] The Union further claims that the Arbitrator's speculation that alternatives were not viable demonstrates that the decision was not based on the CBA. [MIO 3]

{5}      We disagree. As we stated in our notice of proposed summary disposition, there was evidence presented below to support the arbitrator's decision. The arbitrator considered the following information in determining that no viable alternatives existed to the RIF, and that monetary remedies should therefore not be awarded as a result of the violation of the CBA: (1) at the time of the RIF, Employer had carried forward a $1.9 million deficit from previous fiscal years, and had incurred a current loss of $2.4 million; and (2) Employer attempted to cut expenses and increase revenues in a number of ways prior to the RIF, including increasing ticket and parking prices, eliminating 24.5 vacant positions, reducing overtime hours, and eliminating events that were incurring deficits rather than earning money. [RP 38] Faced with this evidence, the arbitrator ruled that no alternative other than layoffs was available to Employer to even partially bridge the "massive operating gap" that was facing

Employer. [RP 39] We therefore reject the Union's argument that there was no basis for the arbitrator's determination that alternatives to the RIF did not exist.

{6}     Additionally, the Union's argument if it had received the information in a timely manner it might have been able to propose a viable alternative to the RIF is not persuasive because the Union did not identify to either the arbitrator or the district court what that viable alternative might have been, even after having been provided with the information it sought. [MIO 3-4] Additionally, according to the arbitrator, prior to the RIF the Union was given, or otherwise had access to, most of the pertinent information that would have been useful in formulating a viable alternative. [RP 39]

{7}     We therefore affirm the district court's determination that the arbitrator did not exceed his powers in this case and affirm.

{8}     **IT IS SO ORDERED**.


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

5

RODERICK T. KENNEDY, Judge