William R. Brennan, Jr., J.
The claimant, Bita A. Butler, was a passenger in an automobile owned and driven by one Nora Charles when the Charles vehicle collided with an automobile owned and driven by one Louis McBae. The Charles vehicle was covered by a policy of liability insurance; the McBae vehicle was not. Bita Butler was also covered by a policy of liability insurance issued by the respondent Hartford Accident & Indemnity Company attaching to another motor vehicle owned by her but which was not involved in the collision. Both the policy on the Charles automobile and the policy issued by Hartford contained standard indorsements insuring the driver and occupants with respect to claims for damages resulting from the negligent driving of an uninsured vehicle.
Bita Butler served a notice of claim against Hartford under the uninsured driver indorsement contained in her own policy issued by Hartford, but it is not clear whether she served a similar notice of claim as “an insured” person under the similar indorsement contained in the policy covering the Charles vehicle.' Under the policy issued by Hartford, the coverage to the claimant ‘ ‘ while occupying an automobile not owned by the named insured * * * shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance ”. (Condition No. “ 6 ”.)
By this motion the respondent Hartford seeks to stay arbitration. Its motion is granted. Before any such arbitration is permissible with the excess carrier, claimant in effect must demonstrate that she has proceeded to arbitrate as an insured person against the primary carrier (i.e., the insurance carrier insuring the Charles vehicle); that she obtained an award against said primary carrier; and that the total amount made available to her by the primary carrier in satisfaction of the award was less than the amount of said award. It is only in such an instance that the excess carrier’s obligation can commence. The stay shall continue until such time as claimant can demonstrate that all of the afore-mentioned conditions have occurred. If in fact a notice of claim was not served against the liability carrier covering the *810 Charles vehicle and arbitration has not and will not be sought under that policy, the stay will be permanent, since the Hartford policy does not attach until all claimant’s rights against the primary policy have been fully and successfully pursued and she has been inadequately compensated. (Cf. 31 N. Y. Jur., Insurance, § 1612; Fairchild v. Liverpool & London Fire & Life Ins. Co., 51 N. Y. 65.)