233 N.J. Super. 627 (1989)
559 A.2d 875
JOHN CONIGLARIO, PLAINTIFF,
v.
HANOVER INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided April 5, 1989.
*629 Evan L. Goldman, for defendant, Hanover Insurance Company.
David New, for plaintiff (Herbert New & David New).
LONGHI, J.S.C.
This is an action by an insured against his automobile insurance carrier seeking to obtain money damages under both the uninsured (UM) and underinsured motorist coverage (UIM) provisions of his policy. The matter comes before the court on cross motions for partial summary judgment. The issue presented has not been decided in any reported case in New Jersey.
For the purpose of these motions the facts are undisputed. On October 18, 1985, plaintiff, John Coniglario, was operating his vehicle in the south bound lane of Route 35 in Sayreville, New Jersey. He was injured when Jeffrey Ercolino who was driving his vehicle in the north bound lane suddenly swerved into the south bound lane and the two vehicles collided. Ercolino has alleged that a burgundy colored vehicle cut him off and forced him into plaintiff's path. This vehicle fled the scene and is not otherwise identified.
At the time of the accident Ercolino was insured solely under an Allstate automobile liability policy of insurance which had a $25,000 limit. Plaintiff, Coniglario, was insured under a Hanover Insurance Company (Hanover) policy which provided liability limits of $100,000 and further provided coverage to the *630 insured in the amount of $100,000 for bodily injury arising from accidents occurring with an uninsured or underinsured motorist. The UM and UIM coverage appears in a single endorsement for which a single premium is paid.
Ercolino has paid to the plaintiff the full $25,000 of coverage provided by his insurance policy. Coniglario now seeks to proceed against Hanover under both the UM and UIM coverage provisions of his policy. Hanover resists and asserts that since its policy provides UM and UIM protection as one single coverage by payment of one premium, the insured may pursue a claim under UM or UIM, but may not proceed under both provisions simultaneously.
The policy in question provides $100,000 liability coverage. Section C of the policy provides for UM coverage in the same amount. The declaration sheet and Part C state that UM coverage includes UIM coverage.
Under the heading INSURING AGREEMENT, the policy provides in relevant part:
We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" where such coverage is indicated as applicable in the Schedule or Declarations ...
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle."
The Insuring Agreement defines an uninsured and underinsured motor vehicle and unequivocally states "`[u]nderinsured motor vehicle' does not include an `uninsured motor vehicle'." In addition, the Agreement specifies "`[u]ninsured motor vehicle' does not include an `underinsured motor vehicle'." The language of the insurance policy is in compliance with the requirements of the statute N.J.S.A. 17:28-1.1.
In New Jersey all automobile insurance carriers must include in their policies of insurance a provision for bodily injury coverage for injuries an insured sustains by an uninsured motorist. N.J.S.A. 17:28-1.1a. See also N.J.S.A. 39:6A-14. *631 Carriers are not required to include UIM coverage in their policies. However, since 1983 they are obligated to make available as an option to their insured the additional protection of UIM coverage up to the limits of the insured's liability policy, but not exceeding a maximum of $500,000 single limit. N.J.S.A. 17:28-1.1b. The pertinent portion of the statute states "... underinsured motorist coverage shall be provided as an option by an insurer to the named insured. ..." (emphasis added). The statutory scheme is clear. An insurance carrier issuing automobile liability insurance policies in the State of New Jersey must include UM coverage in its policy and must offer UIM coverage as an additional protection against drivers of underinsured motor vehicles. See Longworth v. Ohio Casualty Co., 223 N.J. Super. 174 (App.Div. 1988) for a history and import of UIM coverage. Once UIM coverage is provided in the insurance policy it is a protection afforded to the insured against injuries received from an operator of an underinsured vehicle in addition to any protection given as against uninsured motor vehicles.
The policy provided plaintiff by Hanover includes UM and UIM coverage. Plaintiff was involved in an accident with two motor vehicles. One vehicle qualifying as an uninsured (burgundy colored vehicle) and the other as an underinsured (Ercolino). Hanover is thus contractually bound to pay to its insured, Coniglario, up to the limits of both coverages provided in its policy, for any damages that may be recoverable against the uninsured and the underinsured motor vehicles.
Hanover argues that plaintiff cannot have both coverages for the same accident because the coverages are provided in the same endorsement and are paid by a single premium.
This argument is without merit. There is no statutory prohibition against providing UM and UIM coverage in a single endorsement in an automobile liability policy of insurance nor any statutory requirement that a separate premium be charged for each coverage when both are provided. The only requirement *632 mandated by statute is that carriers must include UM coverage as part of automobile liability insurance policies and must offer its insured the option of obtaining the additional protection of UIM coverage. N.J.S.A. 17:28-1.1.
Hanover further asserts that plaintiff may not recover under the UIM coverage because he must first exhaust the limits of all applicable liability insurance including plaintiff's own $100,000 UM coverage.
Applying this theory, Hanover would substitute the UM coverage provision of plaintiff's policy as the hit and run tortfeasor. Plaintiff would be required to proceed by initially exhausting Ercolino's $25,000 liability policy and plaintiff's own UM coverage of $100,000 creating a potential pool of $125,000 from all combined bodily injury insurance policies. This procedure will result in plaintiff's failure to qualify for collection under his UIM coverage which has the potential limit of $100,000.
Hanover's position is untenable. An insurance carrier may not apply monies paid or available to an insured under the UM coverage provision of his automobile insurance policy to defeat or reduce the amounts of money available under the UIM coverage provision of the same policy. Hanover cannot argue that the UM coverage provision of plaintiff's insurance policy "stands in the shoes" of the hit and run driver so as to defeat the potential availability of coverage under the UIM provision of plaintiff's policy. To do so flies in the face of the statutory mandate.
N.J.S.A. 17:28-1.1(e) states:
A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less then the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of *633 all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments.
The statute further states:
The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds.
The language of the statute is clear. The statutory requirement that plaintiff exhaust the total sum of the limits of all liability insurance policies or bonds before qualifying for UIM coverage refers only to those liability policies of insurance or bonds of the person against whom recovery is sought. In this case, it is Ercolino's liability limits of $25,000 as compared to plaintiff's $100,000 UIM coverage that will determine what UIM benefits are available to plaintiff.
The statutory provisions governing UM and UIM coverage are clear. All carriers must: (1) provide UM coverage as a part of the policy of insurance, and (2) give the insured the option to obtain UIM as an additional protection against injuries sustained by the actions of an underinsured motorist. N.J.S.A. 17:28-1.1. When an insured has both UM and UIM coverage as part of his insurance policy and is involved in an accident with both uninsured and underinsured motor vehicles the insured is entitled to receive compensation under both coverage provisions in the event both drivers contributed to the happening of the accident.
Hanover is contractually bound to make available to plaintiff the coverages provided under both UM and UIM provisions. Plaintiff, in this case, has available a maximum of $100,000 under the UM provision and a maximum of $75,000 under the UIM provision. The definition of uninsured and underinsured are mutually exclusive under the terms of this policy. Thus, Hanover, will be responsible to pay under the UM and UIM provisions a sum of money equivalent to the percentages of responsibility that the uninsured and underinsured drivers bear to the damages awarded up to the available limits of insurance provided by the particular coverage. By way of example, if a *634 determination is made that plaintiff sustained total damages of $175,000 and liability is assessed 50% to the burgundy colored vehicle (uninsured) and 50% to Ercolino (underinsured) each vehicle would be responsible for $87,500. Plaintiff would be entitled to collect $87,500 from his UM provision. Plaintiff would credit the $25,000 paid by Ercolino and recover $62,500 from his UIM provision.