793 P.2d 1341

AMERICAN STATES INSURANCE COMPANY, f/k/a the Western Casualty and Surety Company, Plaintiff–Appellant,

v.

Ramona FROST, Defendant–Appellee.

No. 18650.

Supreme Court of New Mexico.

June 28, 1990.

Arlon L. Stoker, Jr., Albuquerque, for plaintiff-appellant.

Ferguson & Lind, William Ferguson, Steven K. Sanders, Albuquerque, for defendant-appellee.

OPINION

RANSOM, Justice.

Ramona Frost was injured in an automobile accident with Isabel Reynolds and collected the maximum available from Reynolds' liability insurance policy, $26,000. Claiming that her 'damages exceeded $51,000, and that the accident was caused in part by an unknown truck driver who left the scene of the accident, Frost sought the $25,000 uninsured motorist (UIM) [1] benefits under her own policy with American States Insurance Company. The phantom truck driver was uninsured by virtue of having left the scene of the accident. *See* NMSA 1978, § 66–5–301 (Repl.Pamp.1989) (statute equates uninsured and unknown motorists).

---

1. The letters "UIM" are used in the text to designate both uninsured and underinsured motor- ists unless specifically limited.

American States filed suit for a declaratory judgment that it did not have to pay UIM coverage to Frost because the amount she had collected from Reynolds exceeded the amount of her UIM coverage. The trial court disagreed and ruled that Frost was entitled to pursue her uninsured motorist claim relative to the phantom truck driver.

On appeal, American States argues that *Fasulo v. State Farm Mutual Automobile Insurance Co.*, 108 N.M. 807, 780 P.2d 633 (1989), decided after the trial court's ruling, is dispositive of this issue. *Fasulo* involved two underinsured motorists and held that the amount available from the insured's underinsured motorist coverage is to be reduced by the total benefits received from the insurance policies of concurrent tortfeasors. Frost claims that, because *Fasulo* involved two underinsured motorists, the amounts received from those tortfeasors could be combined, but that here, where one motorist is uninsured and one underinsured, UIM coverage should apply separately to each tortfeasor.

As support for her position, Frost cites *American Mutual Insurance Co. v. Romero*, 428 F.2d 870 (10th Cir.1970). In that case, Romero was a passenger in a car that was struck by another car. The insurer of the car in which Romero was riding paid $25,000 in liability insurance benefits to Romero in settlement of the action Romero filed. The other driver was uninsured, and Romero sought payment from his own insurer pursuant to his policy's uninsured motorist clause. His insurer sought a declaratory judgment that it owed nothing to Romero because Romero's $20,000 UIM limit had been surpassed by the $25,000 he had already received.

The Tenth Circuit Court of Appeals ruled that Romero's insurer could not reduce the amount due him under his UIM coverage by the $25,000 received from the insured driver. While Romero's insurance policy required such a reduction, the court, construing New Mexico statutes in effect at that time, concluded that there was minimum statutory coverage for uninsured motorists which could not be reduced by reimbursements from an insured tortfeasor. *Id.* at 872. However, our present statutory scheme, and the one considered in *Fasulo* and *Schmick v. State Farm Mutual Automobile Insurance Co.*, 103 N.M. 216, 704 P.2d 1092 (1985), is significantly different from that considered in *American Mutual Insurance.*

As first amended in 1979, Section 66–5–301 now addresses coverage for underinsured as well as uninsured motorists, *see* 1979 N.M.Laws, ch. 96, § 1; 1981 N.M. Laws, ch. 356, § 30; 1983 N.M.Laws, ch. 318, § 39, and this difference is critical to its construction. The statute now provides in Section 66–5–301(B):

> [U]ninsured motorist coverage * * * shall include underinsured motorist coverage for persons protected by an insured's policy. For the purposes of this subsection, "underinsured motorist" means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage.

*Schmick* and *Fasulo* hold that the present statute means an insured may recover his uninsured/underinsured coverage less all liability insurance proceeds received from concurrent tortfeasors.

Frost also relies upon *Continental Insurance Co. v. Fahey*, 106 N.M. 603, 747 P.2d 249 (1987), in which this Court invalidated an insurance policy provision purporting to reduce the amount due an insured under his uninsured motorist coverage by amounts he received under workers' compensation benefits because of the same accident. We concluded that offsetting recovery by amounts received under the Workers' Compensation Act would contravene public policy and was inconsistent with the express language of the uninsured motorist statute providing for minimum lia-

bility coverage. *Fahey* does not bear upon the issue in the present case.

Frost also cites *Coniglario v. Hanover Insurance Co.*, 233 N.J.Super. 627, 559 A.2d 875 (Law Div.1989), for the proposition that coverage for uninsured and underinsured motorists must be calculated separately. In that case, the plaintiff was struck by an underinsured motorist who claimed that another vehicle cut him off, forcing him into the plaintiff's lane. That phantom car driver did not stop and was uninsured by virtue of having fled the scene of the accident.

In deciding that coverage for uninsured motorists was distinct from that for underinsured motorists and, therefore, was to be calculated separately, the court analyzed the plaintiff's insurance policy and New Jersey's uninsured motorist statutes. The policy stated that " '[u]ninsured motor vehicle' does not include an 'underinsured motor vehicle'." *Id.* at 630, 559 A.2d at 877. Also, the New Jersey statutes required all vehicles to carry uninsured motorist coverage, N.J.Rev.Stat. § 17:28–1.1(a) (West 1985), but not underinsured motorist coverage. A later provision on underinsured motorist coverage simply required that it be made available to its insureds as optional coverage. N.J.Rev. Stat. § 17:28–1–1(b) (West 1985). The court interpreted this statutory scheme to mean: "Once [underinsured] coverage is provided in the insurance policy it is a protection afforded to the insured against injuries received from an operator of an underinsured vehicle *in addition to* any protection given as against uninsured motor vehicles." *Coniglario*, 233 N.J.Super. at 631, 559 A.2d at 877 (emphasis added). The court concluded that, because Coniglario's policy included both uninsured and underinsured motorist coverage, the insurer was "contractually bound to pay to its insured, Coniglario, up to the limits of both coverages provided in its policy, for any damages that may be recoverable against the uninsured and the underinsured motor vehicles." *Id.*

As American States points out, New Mexico's statutory scheme is different from New Jersey's. New Mexico's uninsured motorist statute *includes* underinsured motorist coverage as part of the uninsured coverage. NMSA 1978, § 66–5–301(B) ("The uninsured motorist coverage described in Subsection A of this section shall include underinsured motorist coverage for persons protected by an insured's policy."). Underinsured and uninsured motorist coverage are not distinct options available for an additional premium and we hold UIM coverage does not apply separately to each concurrent tortfeasor when one is underinsured and one is uninsured. As we said in *Fasulo*, "we feel constrained to reject the exclusively singular construction of Section 66–5–301(B) that would allow application of UIM coverage separately as to each concurrent tortfeasor." 108 N.M. at 811, 780 P.2d at 637.

We reverse and remand this case to the trial court for entry of judgment in favor of American States Insurance Co. on its complaint for declaratory judgment.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.