■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v THOMAS LAPICOLA, Respondent, et al., Respondents.—Judgment, Supreme Court, New York County (Robert E. White, J.), entered on or about November 21, 1991, which, *inter alia,* denied and dismissed petitioner's application to stay arbitration, unanimously affirmed, without costs.

It is well established that an insurer will be estopped from disclaiming coverage based on a policy exclusion where it has unreasonably delayed in notifying the insured of its intent to do so *(Zappone v Home Ins. Co.,* 55 NY2d 131). Here, disclaimer of uninsured motorist benefits on the ground that respondent Lapicola settled with other tortfeasors without petitioner Liberty's consent was raised for the first time in a memorandum of law dated September 6, 1991, well over one year from a date when the insurer had access to sufficient information to alert it to the necessity of disclaiming based upon this particular exclusion in the policy. This delay of over one year in disclaiming was unreasonable as a matter of law *(Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.