*722 OPINION OF THE COURT
Alice Schlesinger, J.
On October 6, 1992 the respondent made a demand for arbitration as a result of injuries he sustained in an automobile accident that occurred on March 1, 1983. The demand was made pursuant to the underinsured motorist coverage provision of the automobile insurance policy issued by the petitioner Westchester Fire Insurance Company to the respondent William Imperiale automobile insurance policy.
Petitioners, Westchester Fire Insurance Company and Crum & Forster Personal Insurance Company, move the court for a stay of arbitration on the ground that the arbitration is time barred. Alternatively, petitioners maintain that the insured’s unreasonable delay in notifying the insurer of the claim requires granting a permanent stay.
I find neither argument persuasive.
A demand for arbitration is subject to the six-year Statute of Limitations (CPLR 213). However, "[t]he time within which an action must be commenced * * * shall be computed from the time the cause of action accrued to the time the claim is interposed” (CPLR 203 [a]). The statute begins to run "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court” (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986]; see also, Blakeley v Agency of Can. Car & Foundry Co., 73 NYS2d 573, affd 272 App Div 1001 [where cause of action depends on a contingent event, the Statute of Limitations begins to run from the date the event happens]).
In the instant matter, the insurance policy provides that "[N]o action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.”
A condition precedent to a claim for underinsurance is compliance with an exhaustion provision of the insurance contract (see, Matter of Valley Forge Co. [O’Brien], NYLJ, Apr. 22, 1993, at 28, col 6 [Sup Ct, Nassau County]). This condition is imposed by Insurance Law § 3420 (f) (2).[1] The insurance contract states in pertinent part that "the company shall not *723 be obligated to make any payment because of bodily injury to which this insurance applies * * * until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.”
The purpose of underinsured motorist coverage is to permit additional liability coverage after exhaustion of all insurance policies covering the underinsured vehicle (Matter of Fireman’s Fund Ins. Co. v Freda, 156 AD2d 364 [2d Dept 1989]).
Petitioners citing two out-of-State cases, Shelton v Country Mut. Ins. Co. (161 Ill App 3d 652, 515 NE2d 235) and Butler v Economy Fire & Cas. Co. (199 Ill App 3d 1015, 557 NE2d 1281) contend that the exhaustion provision merely qualifies when payment will be made. It does not condition when the suit can be filed.
Shelton (supra) and Butler (supra) may be readily distinguished. Both policies contained exhaustion provisions similar to the one in the instant matter. However, in both cases the insured was required to commence a suit against the carrier within two years. In the case at bar there is no such requirement.[2]
Here, on August 26, 1992 the primary insurance was exhausted by payment of the settlement. Prior to settlement respondent could not have commenced arbitration against his insurer because all the elements necessary to trigger the exhaustion provision and arbitration did not result until 1992. Thus, although the accident occurred in 1983 the cause of action did not accrue until the settlement.
*724 To hold as the petitioners suggest that the demand to arbitrate underinsured coverage must be filed prior to exhaustion of the other liability policies would be without legal effect because the condition precedent to the demand for arbitration has not been met. The court sees no point in imposing such a futile gesture.
Next, petitioners argue that the respondent unreasonably delayed in notifying the carrier of the circumstances of the 1983 accident.
On January 2, 1992 counsel for the respondent wrote to the petitioner Westchester Fire Insurance Company informing it of the March 1983 accident and exhaustion of the insurance coverage. He made a claim for underinsured coverage. Approximately one month later, on February 4, 1992 a second letter was sent to Westchester Fire Insurance Company reminding the carrier of the claim.
Thereafter, on October 6, 1992 the respondent filed a demand for arbitration. On October 21, 1992 petitioner Crum & Forster Personal Insurance Company disclaimed coverage only on the ground that the statute expired.
Petitioners had the opportunity to disclaim underinsured benefits based on the respondent’s alleged failure to comply with notice provision of the policy from January 1992 onwards. However, it was not until November 1992 when petitioners moved for a stay of arbitration, that they included for the first time this defense as a basis to deny coverage.
I find that this failure was unreasonable as matter of law and that the petitioners had waived their right to assert this ground as justification for a permanent stay (Matter of Liberty Mut. Ins. Co. v Lapicola, 184 AD2d 322 [1st Dept 1992]; Matter of Fireman’s Fund Ins. Co. v Freda, supra; Insurance Law § 3420 [d]).
Moreover, even assuming arguendo that respondent delayed in giving notice of the accident, petitioners were not prejudiced by the delay. Liability is not at issue here. Therefore, there would have been no need to investigate the circumstances of the accident.
Accordingly, the petition for a permanent stay of arbitration is denied.

. Section 3420 (f) (2) states in relevant part as follows: "As a condition precedent to the obligation of the insurer to pay under the supplementary uninsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements.”

. In Shelton (supra) the insurance policy required plaintiff to commence an action within two years after the date of the accident. Plaintiff settled with the other driver’s insurance carrier within the two-year limitation period. However, although 8Yz months remained on the limitation period, she failed to commence an action for underinsured benefits against her own carrier within the two-year period. The court held that under those circumstances there was no contradiction between the two clauses and plaintiff was bound by the limitation period.
In Butler (supra) the plaintiff’s insurance policy contained a limitation provision which required commencement of the lawsuit "within two years after the occurrence of the loss.” The defendant asserted that the action was time barred because it was not commenced within the two-year limitation period. The court in order to reconcile a conflict between the exhaustion provision and the limitation clause held that "loss” referred to damages. Since it could not be determined whether plaintiff was damaged until settlement or judgment in the underlying personal injury lawsuit against the other tortfeasors, the action was not untimely.