1999-NMSC-034

989 P.2d 429

**Fremont F. ELLIS, Plaintiff–Appellant,**

v.

**CIGNA PROPERTY & CASUALTY COMPANIES, Defendant–Appellee.**

No. 24801.

Supreme Court of New Mexico.

Sept. 1, 1999.

Roth, VanAmberg, Rogers, Ortiz & Fairbanks, LLP, Ronald J. VanAmberg, Santa Fe, for Appellant.

Law Offices of Jay R. Hone, K. Stephen Royce, Albuquerque, for Appellee.

*OPINION*

FRANCHINI, Justice.

{1}   In this case, certified to us by the Court of Appeals, we affirm the district court's determination that the applicable statute of limitations for a cause of action under an uninsured motorist policy is six years on a written contract. *See* NMSA 1978, § 37–1–3(A) (1975).   However, we disagree with the district court that the limitation period necessarily began to run from the date of the auto incident sued upon by Plaintiff (Ellis).   Rather, as Ellis argues, his cause of action against Defendant (Cigna) may have accrued at a later date under the terms of his uninsured motorist policy (the UM Policy).   Because neither party entered the UM Policy into the record before the district court dismissed this action, we are unable to decide this issue at this time.   However, since it is possible that the later date is the correct one, we reverse the district court's dismissal of Ellis's complaint for failure to bring suit within the six-year limitation period.   We remand for further proceedings consistent with this opinion.

*FACTS AND PROCEDURAL POSTURE*

{2}   The facts relevant to this appeal are extensive but straightforward.   On April 12, 1987, Ellis was a passenger in a Hyundai that was owned by one third party and driven by another.   The Hyundai was fired upon without warning by the occupants of a pickup truck.   Ellis exited his vehicle to get the license plate of the pickup and was shot in the leg while returning to the Hyundai.

{3}   Subsequently, Ellis sued the pickup driver and passenger.   Apparently, judgment was obtained against them sometime in July of 1988, but it seems that neither defendant carried automobile or other insurance.   Nor was the pickup truck an insured vehicle.

{4} Ellis then made demand against the insurance company providing the uninsured motorist coverage for the Hyundai. When his demand was denied, Ellis filed suit seeking to compel arbitration or, in the alternative, a declaration that his claim was compensable under the Hyundai's policy. The district court granted summary judgment to Ellis on September 3, 1991. However, on August 24, 1992, this Court reversed and entered judgment for the insurer in an unpublished decision, holding that Ellis did not "occupy" the vehicle for purposes of coverage.

{5} On April 11, 1994, Ellis filed the instant suit against his own insurance company, Cigna. Ellis's complaint states that "Plaintiff has pursued his uninsured and underinsured coverage on his policies with Cigna, but believes, based upon information and belief, that there is additional uninsured/underinsured coverage." Cigna filed a motion to dismiss for failure to state a claim upon which relief could be granted, on the grounds that the limitation period in the applicable statute of limitations had expired. Following submission of briefs by the parties and a hearing, the district court granted Cigna's motion. Ellis appealed, and we now affirm in part, reverse in part, and remand.

*DISCUSSION*

■ {6} We affirm the district court's judgment that the limitation period for contract actions applies to this case. In *Sandoval v. Valdez*, 91 N.M. 705, 708, 580 P.2d 131, 134 (Ct.App.1978), the court did not reach the issue of whether the period for contract actions or the shorter tort limitation period applied in New Mexico for actions on an uninsured motorist policy, since the plaintiff had met both. However, Judge Sutin's special concurrence noted that the longer period was favored by a majority of the jurisdictions that had considered the issue. *See id.* at 711, 580 P.2d at 137. In the years since *Sandoval,* an overwhelming number of courts have joined the majority position. *See* A.S. Klein, Annotation, *Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause,* 28 A.L.R.3d 580, at § 3 (1969 & Supp.1999); *see also* 1· Alan I. Widiss, *Uninsured and Underinsured Mo-*

*torist Insurance* § 7.12, at 292 (2d ed.1990) (noting "the almost uniform view among the applicable judicial precedents that uninsured motorist insurance claims are subject to the contract statute of limitations"). We now expressly join the majority position, being persuaded that since the insurance contract is a necessary predicate "on which the liability of the insurer depends, ... the contract limitation period therefore controls." *Klein, supra,* at 585.

■ {7} The more difficult question is when the limitation period begins to run. While the date is specified in the uninsured motorist statute in some states, *see id.* at § 4, in New Mexico it is not. *See* NMSA 1978, § 66–5–301 (1983). In such circumstances, the matter must be decided by the courts, and there appear to be at least four possibilities. First, a few courts have held that the date of the accident with an allegedly uninsured motorist commences the limitation period. *See State Farm Mut. Auto. Ins. Co. v. Kilbreath,* 419 So.2d 632, 633 (Fla. 1982); *see also Green v. Selective Ins. Co.,* 144 N.J. 344, 676 A.2d· 1074, 1078–80 (1996) (disagreeing with the reasoning in *Kilbreath,* but reaching same result). Second, other courts hold that the tortfeasor must be adjudged uninsured or underinsured before the period begins to run on·the plaintiff's claim against his or her own insurance company for coverage. *See, e.g., Vaughn v. State Farm Mut. Auto. Ins. Co.,* 445 So.2d 224, 226 (Miss. 1984). Third, some courts have addressed situations where specific contractual terms in the insurance policy determine when the plaintiff may bring suit for uninsured motorist coverage. *See Butler v. Hartford Accident & Indem. Co.,* 54 Misc.2d 808, 283 N.Y.S.2d 466 (Sup.Ct.1967) (staying plaintiff's claim against excess carrier until plaintiff met policy requirement to first arbitrate claim against primary carrier); *see also Westchester Fire Ins. Co. v. Imperiale,* 157 · Misc.2d 721, 598 N.Y.S.2d 685, 686–87 (Sup. Ct.1993) (holding exhaustion of liability to be a contractual condition precedent to plaintiff's claim for underinsured motorist coverage against his own carrier, such that cause of action did not accrue until date of settlement with tortfeasor). Fourth and finally, a

growing number of courts, perhaps a majority, hold that the limitation period does not begin to run until the insurer refuses to arbitrate the plaintiff's claim, denies the claim outright, or otherwise "violates" the insurance contract. *See, e.g., Berkshire Mut. Ins. Co. v. Burbank,* 422 Mass. 659, 664 N.E.2d 1188, 1191 n. 5 (1996) (collecting cases). Since neither Ellis nor Cigna assert that the second or fourth possibilities are applicable here, we do not consider those issues.

{8} Cigna argues that the statute of limitations began to run when Ellis was shot in the leg while he was returning to the Hyundai. Ellis argues that under his UM Policy with Cigna, as a passenger in the Hyundai he was only secondarily insured by Cigna, and therefore he could not sue Cigna until he had first sought uninsured motorist coverage from the company insuring the Hyundai. We are persuaded that Ellis's argument is sufficient to withstand Cigna's motion to dismiss. *See Cypress Gardens, Ltd. v. Platt,* 1998–NMCA–007, ¶ 6, 124 N.M. 472, 952 P.2d 467 ("A motion to dismiss ... is properly granted only when it appears that the plaintiff cannot recover or be entitled to relief under any state of facts provable under the claim.").

{9} In *Butler,* the policy issued therein stated that "the coverage to the claimant 'while occupying an automobile *not owned by the named insured* ... shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance.'" 283 N.Y.S.2d at 467 (emphasis added). If, as Ellis has alleged, a similar provision exists in the UM Policy here, then Ellis's claim against Cigna would not have arisen until Ellis's claim against the Hyundai's insurer was finally adjudicated. *See* 2 Eugene R. Anderson et al., *Insurance Coverage Litigation* § 13.4, at 106 (1997) ("Excess coverage attaches only after the primary coverage has been paid out or exhausted."). To hold otherwise would be to say that the statute of limitations on Ellis's claim against Cigna as his excess insurer began to run before Ellis had an excess insurance claim against Cigna. *See*

*Saiz v. Belen Sch. Dist.,* 113 N.M. 387, 401 n. 12, 827 P.2d 102, 116 n. 12 (1992) (noting that "a statute of limitations begins to run when a plaintiff's cause of action accrues or is discovered"); *see also Aetna Life & Cas. Co. v. Nelson,* 67 N.Y.2d 169, 501 N.Y.S.2d 313, 492 N.E.2d 386, 389 (1986) (articulating the general rule that a cause of action arises, and the statute of limitations begins to run, "when all of the facts necessary to the cause of action have occurred so that a party would be entitled to obtain relief in court").

## CONCLUSION

{10} For the foregoing reasons, we affirm the district court's determination that the limitation period of six years for contract actions applies in this case. Since the UM Policy may show that Ellis's claim against Cigna arose within the six-year limitation period, we reverse the judgment of the district court holding that the statute of limitations began to run from the date Ellis was shot. Therefore, we also reverse the district court's dismissal of Ellis's suit for failure to state a claim upon which relief can be granted. This action is remanded to the district court for further proceedings consistent with this opinion, including consideration of the actual UM Policy issued by Cigna to Ellis.

{11} IT IS SO ORDERED.

MINZNER, C.J., BACA and SERNA, JJ., concur.