2006-NMCA-104

141 P.3d 1281

Delores MANZANARES,
Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Defendant–Appellee.

No. 25,451.

Court of Appeals of New Mexico.

June 28, 2006.

Certiorari Denied, No. 29,933,
Aug. 25, 2006.

The Herrera Firm, P.C., Samuel M. Herrera, Taos, NM, for Appellant.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Lisa Mann, Jennifer A. Noya, Albuquerque, NM, for Appellee.

## OPINION

KENNEDY, Judge.

{1} Plaintiff appeals the district court's award of summary judgment to Defendant Allstate Insurance Company (Allstate). This case raises a single question: when an insured recovers an amount of actual damages from the tortfeasors' insurance companies that exceeds her own uninsured/underinsured (UIM) coverage, can she then still recover punitive damages under her UIM coverage because the tortfeasors' liability insurance excluded coverage for punitive damages? We hold that although UIM coverage includes punitive damages in New Mexico, such coverage does not negate a valid offset provision in the insurance policy, and that Plaintiff's recovery of actual damages from the tortfeasors was properly offset against her own UIM coverage. We affirm.

## FACTS AND BACKGROUND

{2} Plaintiff was injured in an automobile accident. Both the driver and the owner of the other vehicle were insured. Plaintiff settled her claims against the driver for the $25,000 policy limit and settled her claims against the owner for $35,000, for a total recovery of $60,000. These policies excluded recovery for punitive damages, and Plaintiff theorized that she could collect the remainder of her damages from her own insurer.

{3} Plaintiff submitted a claim to her own insurer, Allstate, for uninsured motorist benefits. The limit of her UIM coverage was $30,000. Her UIM claim was denied and Plaintiff sued Allstate for declaratory judgment. Plaintiff and Allstate each filed dueling motions for summary judgment. Following a hearing, Plaintiff's motion was denied and Allstate prevailed on summary judgment. Plaintiff appeals and we affirm.

## DISCUSSION

{4} The facts are undisputed and this case only raises a question of law which we review de novo. *See Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We first address Plaintiff's claim that because the tortfeasors' liability policies excluded payment of punitive damages, the tortfeasors are "uninsured" or "partly uninsured." We then address the heart of this issue: whether Allstate is entitled to offset the amounts Plaintiff has already recovered from the tortfeasors.

{5} For purposes of UIM coverage, New Mexico has characterized punitive damages as deriving from actual damages. *Stewart v. State Farm Mut. Auto. Ins. Co.*, 104 N.M. 744, 746, 726 P.2d 1374, 1376 (1986). Punitive damages are therefore included within an insured's UIM coverage. *Id.* Express exclusions of punitive damages from UIM coverage are void as against public policy. *See Stinbrink v. Farmers Ins. Co.*, 111 N.M. 179, 180–81, 803 P.2d 664, 665–66 (1990). "[P]unitive damages are as much a part of the potential award under the uninsured motorist statute as damages for bodily injury, and therefore they *cannot be contracted away.*" *Id.* at 180, 803 P.2d at 665. "[T]he theory behind the UM Act puts the victim in the same position as if the culpable motorist had actually purchased coverage for 'punitives.' " *State Farm Mut. Auto. Ins. Co. v. Progressive Specialty Ins. Co.*, 2001–NMCA–101, ¶ 14, 131 N.M. 304, 35 P.3d 309. We therefore agree with Plaintiff that she is generally entitled to recover punitive damages under her UIM coverage. *See id.* ¶ 5 ("Because [the tortfeasor's] liability policy with [its insurer] excluded punitive damages, [the tortfeasor] became 'uninsured' or 'underinsured' to that extent, causing [the victim's] insurer] to indemnify [the victim] for her punitive damage claim."). We simply decline to parse out the punitive damages portion of her claim from the remainder of her claim; the very reason that Plaintiff is entitled to punitive damages at all under her UIM coverage is *because* they are a part of her bodily injury claim. *See Stinbrink*, 111 N.M. at 180, 803 P.2d at 665.

{6} Plaintiff has already recovered $60,000 from the tortfeasors' liability policies. Plaintiff maintains that regardless of this fact, the tortfeasors should be deemed "uninsured" or "partially uninsured" (but is adamant in stating that she is not "underinsured") for purposes of punitive damages. This is an overly semantical distinction unsupported by the language of the statutes, regulations, or case law.

{7} Insurance regulations define an "[u]ninsured motor vehicle" as

(1) a motor vehicle . . . of which there is, in at least the amounts specified by the financial responsibility law of New Mexico, no bodily injury and property damage liability bond or insurance policy applicable at the time of the accident . . ., or with respect to which there is a bodily injury and property damage liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(2) a hit-and-run motor vehicle[.]

13.12.3.14(C)(1)(2) NMAC. The regulations further provide that the definition of an "uninsured motor vehicle" is not to include a vehicle that is insured. 13.12.3.14(C)(3)(a) NMAC. On the other hand, an "underinsured motorist" is one who has bodily injury liability limits that are less than the insured's UIM coverage. NMSA 1978, § 66–5–301(B) (1983). Uninsured coverage must include underinsured coverage "for persons protected by an insured's policy." *Id.* Despite the denial of some coverage, *see* 13.12.3.14(C)(1) NMAC, the tortfeasors were protected by a liability policy. Section 66–5–301(B). Since one may recover punitive damages under one's UIM coverage, the tortfeasors' bodily injury limits *were* less than Plaintiff's UIM coverage. *See id.* As explained above, Plaintiff's punitive damages are part of her bodily injury claim, and Plaintiff's uninsured coverage is included in, and not distinct from, her underinsured coverage for purposes of punitive damages. *Cf. Am. States Ins. Co. v. Frost,* 110 N.M. 188, 190, 793 P.2d 1341, 1343 (1990) (holding that in New Mexico, unlike other states, our "uninsured motorist statute *includes* underinsured motorist coverage as part of the uninsured coverage," and that "[u]nderinsured and uninsured motorist coverage are not distinct options available for an additional premium").

■ {8} In light of these holdings, we turn now to the heart of this case: whether Allstate should be able to offset the $60,000 that Plaintiff recovered from the tortfeasors' insurers against her $30,000 UIM coverage. Plaintiff asserts that to allow offset in this instance would result in a situation where "consumers will be left paying premiums for punitive damages but never be able to collect such damages." We disagree.

{9} Plaintiff paid for $30,000 in UIM coverage under a policy that stated that this amount was "the maximum amount payable for [Plaintiff's UIM] coverage by this policy for any one accident." The policy further stated that her UIM limits would be reduced by "all amounts paid by or on behalf of the" uninsured, underinsured, or other responsible party. Plaintiff received $60,000 from the tortfeasors, and whether those tortfeasors were uninsured or underinsured, or the amounts excluded punitive damages, the plain language of her policy states that her $30,000 in coverage must be reduced by that amount. On the other hand, had Plaintiff purchased a greater amount of UIM coverage, the policy's offset would not have entirely depleted her UIM coverage. We therefore hold that Allstate was entitled to offset the amounts Plaintiff recovered from the tortfeasors.

{10} To the extent that it might be suggested that this situation warrants a special exception to contractual offset provisions, we make two points. First, punitive damages are only recoverable under UIM coverage *because* they stem from bodily injury damages. *See Stinbrink,* 111 N.M. at 180, 803 P.2d at 665. It would thus be illogical to create a special rule that allows offset of UIM coverage for bodily injury damages, but does not allow offset for punitive damages. Second, while under our case law punitive damages are a part of UIM coverage, we have also recognized that punitive damages generally evoke less compelling concerns. *See State Farm Mut. Auto. Ins. Co.,* 2001–NMCA–101, ¶ 13, 131 N.M. 304, 35 P.3d 309 (characterizing punitive damages as "a windfall conferred upon an otherwise fully compensated plaintiff" (internal quotation marks and citation omitted)). Neither logic nor public policy justifies such an exception.

**CONCLUSION**

{11} **WE AFFIRM.**

{12} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON and MICHAEL E. VIGIL, Judges.