2007-NMCA-033

154 P.3d 697

Donna **BROOKS** and Ryan Brooks, Plaintiffs–Appellees,

v.

**STATE FARM INSURANCE COMPANY,** Defendant–Appellant.

No. 25,218.

Court of Appeals of New Mexico.

Feb. 8, 2007.

Berardinelli & Associates, David J. Berardinelli, Santa Fe, NM, for Appellees.

Miller Stratvert P.A., Rudolph A. Lucero, Ruth Fuess, Jeffrey E. Jones, Albuquerque, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} In response to the motion for reconsideration filed by Plaintiffs' attorney, we have filed an order. Additionally, we now withdraw the opinion filed on December 15, 2006, and substitute this opinion in its stead.

{2} In this appeal, we must answer the question expressly left unresolved in *Ellis v. Cigna Property & Casualty Cos.*, 1999–NMSC–034, ¶ 1, 128 N.M. 54, 989 P.2d 429: When does the six-year limitations period for contract actions begin to accrue on a claim raised under an uninsured motorist (UM) policy? This issue comes to us on cross-motions for summary judgment arising out of Plaintiffs' petition for declaratory judgment and to compel Defendant to arbitrate Plaintiffs' underinsured motorist (UIM) claim. The district court denied Defendant's motion, granted Plaintiffs' motion, and ordered arbitration. Defendant appeals from that order.

{3} In this opinion, we treat UIM and UM policies as equivalents and often use the terms interchangeably. *See Allstate Ins. Co. v. Stone*, 116 N.M. 464, 465 & n. 1, 863 P.2d 1085, 1086 & n. 1 (1993) (noting that UIM polices are equivalent to UM policies for purposes of stacking); *see also* NMSA 1978, § 66–5–301(B) (1983) (governing UM coverage and expressly including UIM coverage for those protected by an insured's policy). In deciding this case, we follow the trend in our case law that treats UIM and UM claims as contract-based actions, and we join the majority view in holding that the statute of limitations on a UIM claim begins to run upon breach of the insurance contract, where neither the UM statute nor the insurance policy provide otherwise. Given the lack of clarity in the record of this case, we do not tie the accrual date to any one occurrence that could be construed as a breach. Rather, because the undisputed facts indicate that Plaintiffs must have filed the current action within six years of any failure to comply with the insurance contract, we hold that the district court properly ruled that Plaintiffs' claim is not time-barred and properly ordered the parties to arbitrate the UIM claim pursuant to the terms of the insurance policy. Accordingly, we affirm.

## I. BACKGROUND

{4} In January 1997, Plaintiff Ryan Brooks (Ryan) suffered injuries in a car accident and notified Defendant on the day of the accident. At the time of the accident,

Ryan was a minor residing with his mother, Plaintiff Donna Brooks, who was the named policyholder on the insurance policy at issue in this case. The driver of the other vehicle was at fault in the accident, was insured by Allstate Insurance Company (Allstate), and carried minimum liability coverage for the accident in the amount of $25,000. Plaintiffs obtained consent from Defendant to settle Ryan's liability claim with Allstate for less than the amount of alleged damages and did so for the sum of $21,000, while preserving his UIM claim against Defendant.

{5} Between August 2001 and February 2002, Plaintiffs and Defendant attempted, unsuccessfully, to agree on the value of Ryan's UIM claim. Defendant offered to settle the claim for $2,000, Ryan made a counteroffer of $15,000, and Defendant responded by offering $3,500. More than a year and a half later, in a letter dated October 29, 2003, Defendant set forth its position that the UIM claim had expired under the applicable six-year statute of limitations for contract actions.

{6} In February 2004, Plaintiffs filed the current action for declaratory judgment and to compel Defendant to arbitrate Ryan's UIM claim. Arbitration is the method required under the insurance policy to resolve insured-insurer UIM disputes. In its answer, Defendant raised the statute of limitations as an affirmative defense. Defendant then filed a memorandum in support of its motion for summary judgment and contended that the statute of limitations for Plaintiffs' UIM coverage bars any recovery and thus precludes arbitration. Plaintiffs filed a countermotion for summary judgment requesting that the district court declare that the statute of limitations had not lapsed. The court denied Defendant's motion, granted Plaintiffs' motion, and ordered the parties to arbitrate Ryan's UIM claim. Defendant appeals.

## II. DISCUSSION

### A. Standard of Review

{7} "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Similarly, on appeal, we determine whether judgment is appropriate as a matter of law. *See id.* The parties in the present case agree upon the same set of material facts. Their countermotions for summary judgment dispute when a cause of action under an insurance policy providing UIM coverage accrues for purposes of the statute of limitations, a pure issue of law. *See Wiste v. Neff & Co., CPA*, 1998–NMCA–165, ¶ 7, 126 N.M. 232, 967 P.2d 1172 (stating that where essential facts are not in dispute, the accrual date for a cause of action for limitations purposes is a pure question of law). Because the material facts are undisputed, we are left with legal questions, which we decide de novo. *See State Farm Mut. Auto. Ins. Co. v. Barker*, 2004–NMCA–105, ¶ 4, 136 N.M. 211, 96 P.3d 336.

### B. Accrual of Cause of Action for UIM Coverage

{8} As we have stated, the issue presented has been left expressly undecided in New Mexico by our Supreme Court's opinion in *Ellis*, in which the Court determined that the six-year statute of limitations for contract actions applies to UM claims. 1999–NMSC–034, ¶¶ 6–7, 128 N.M. 54, 989 P.2d 429 (citing Section 66–5–301). The Court observed that "[t]he more difficult question is when the limitation[s] period begins to run" but declined to answer this question—in recognition of the possibilities that the insurance policy could have dictated the accrual date for the UM claim and that the parties failed to make the policy part of the appellate record. *Ellis*, 1999–NMSC–034, ¶¶ 1, 7, 128 N.M. 54, 989 P.2d 429. Without a record that indicated the accrual date and noting that the UM statute in New Mexico does not specify the accrual date, the Court stated that these circumstances required the courts to make that determination. *Id.* ¶ 7 (citing Section 66–5–301, the UM/UIM statute, which does not contain a limitations period or date of accrual). In discussing the date from which the limitations period begins to run, the Court listed four possibilities: (1) the date of the accident, (2) the date the tortfeasor is adjudged as uninsured or underinsured, (3)

the date set forth in the insurance policy, and (4) the date of a breach of the insurance contract. *Ellis,* 1999–NMSC–034, ¶ 7, 128 N.M. 54, 989 P.2d 429.

{9} Premising its arguments on the first and third options, Defendant contends that either the date of the accident or, if the policy controls, the end of the policy's thirty-day period after notification of the accident triggers the running of the six-year statute of limitations on Ryan's UIM claim. There-fore, according to Defendant, the limitations period lapsed in either January or February 2003, and either date is at least a year before Plaintiffs filed the current petition to compel arbitration of the dispute. Plaintiffs rely on the fourth option and argue that the limita-tions period begins to run when there is a breach as evidenced by a refusal to arbitrate, a denial of the UIM claim under the insur-ance contract, or another violation of the insurance contract. We agree with Plain-tiffs.

■ {10} New Mexico case law and public policy support our conclusion that a cause of action for UIM coverage begins to accrue when the insurance contract is breached. The *Ellis* court applied the statute of limita-tions for contract actions to UM claims be-cause liability for UM coverage is predicated on the insurance contract. *Id.* ¶ 6. Defen-dant's argument that the accident triggers the limitations period mistakenly views an action to recover UIM coverage as a tort-based theory of recovery, rather than a con-tract-based theory. The decision in *Ellis* rejects this view. *Id.* Defendant's argument that a claim for UIM benefits is not a claim for breach of contract ignores the distinction between the right to make a claim under a contract and the right to sue for breach of the contract. While we generally agree with Defendant's statement that a claim for UIM benefits is merely "a claim for payment of benefits under the contract" and not a claim for breach of contract, once the claim for payment of benefits is denied, the right to claim benefits under a contract becomes a right to sue for breach of that contract. De-fendant claims that "it makes no sense . . . to establish a trigger for the running of the statute of limitations that bears no relation to the nature of the underlying claim being asserted." We conclude, however, that the "claim being asserted" is the right to sue for breach of contract, not the right to make a claim under the contract.

■ {11} Accordingly, the predicate to the current suit is Plaintiffs' contention that De-fendant refused to arbitrate or has otherwise breached the insurance contract. It is a fundamental principle of contract law that "[t]he statute of limitations on a breach of contract claim runs from the date the con-tract is breached." *Nashan v. Nashan,* 119 N.M. 625, 633, 894 P.2d 402, 410 (Ct.App. 1995). Therefore, we join the majority of jurisdictions in holding that an action for UIM accrues on the date of the earliest event in the nature of a breach of the insurance contract. *See, e.g., Shelter Mut. Ins. Co. v. Nash,* 357 Ark. 581, 184 S.W.3d 425, 428–29 (2004) (concluding, after a review of courts that recognize the majority position, that the limitations period begins to run on a cause of action for UIM benefits when the insurance contract is breached).

{12} Defendant contends that New Mexico case law and the insurance policy itself sup-port the proposition that a cause of action to recover UIM damages accrues on the date of the accident. Defendant argues that because case law allows an insured to immediately assert a claim for UM benefits directly against the carrier without first bringing an action against an uninsured tortfeasor, the insured's cause of action accrues for purposes of triggering the statute of limitations when the insured can prove negligence and is enti-tled to recover damages, which is at the time of the accident. Defendant also points to language in the insurance policy stating that Defendant is not bound by any judgment obtained against the tortfeasor without De-fendant's written consent. This language, according to Defendant, demonstrates that the policy itself recognizes that the date of the accident triggers the limitations period.

{13} We are not persuaded that our case law or the insurance policy demands this result. In *Guess v. Gulf Insurance Co.,* 96 N.M. 27, 28, 627 P.2d 869, 870 (1981), the Supreme Court interpreted the UM statute and emphasized the insurer's right to request

joinder of the tortfeasor in permitting the insured to file a direct action against the insurer without first requiring the insured to bring suit against the uninsured tortfeasor. Neither this case nor any other New Mexico case requires the insured to file an immediate action against the insurer in order to preserve a timely claim. Rather, our case law recognizes that an insured has this option for claiming UM coverage, and our case law permits the insurer to seek joinder of the tortfeasor in the insured's suit. In addition, the language contained in Defendant's policy—that an insurer may refuse to be bound by a judgment obtained against a tortfeasor without the insurer's consent—simply recognizes the insurer's interest in the insured/tortfeasor suit; the language does not compel a suit involving the insurer. We are not persuaded that by affording the insured this option, our courts have declared that the insured's cause of action against the insurer for enforcement of the insurance contract has begun to accrue for purposes of the statute of limitations. Some circumstances may render an immediate suit against the insurer acceptable or even appropriate, but we do not view this possibility as an indicator of the accrual of a UIM or UM claim. We view the holding in *Guess* as construing the UM statute in a manner that permits contracting parties more flexibility and efficiency in executing appropriate coverage under the agreement and in a manner that serves our preferences for protecting the innocent insured and the expeditious resolution of their claims. *See Sandoval v. Valdez,* 91 N.M. 705, 708, 580 P.2d 131, 134 (Ct.App.1978) (stating that the New Mexico UM statute is designed to protect the injured party from the uninsured or unknown motorist); *see also Cal. Cas. Ins. Co. v. Garcia–Price,* 2003–NMCA–044, ¶¶ 19–22, 133 N.M. 439, 63 P.3d 1159 (recognizing our preference for speedy resolution of UM/UIM claims and our policies favoring coverage for the insured).

{14} Faced with the identical argument—that because a suit may be brought immediately against the insurer, the action accrues at the time of the accident—the Arkansas Supreme Court reached the same conclusion on the same rationale that we adopt today. *Shelter Mut. Ins. Co.,* 184 S.W.3d at 429–30.

The Arkansas court reviewed the rationale behind the holdings of the majority position cases: prior to a violation of the insurance policy, there is no justiciable controversy upon which to sue, and the limitations period therefore runs from the date of breach of the contract. *Id.* The court explained that "[a]lthough our UIM statutory scheme provides the insured with the option to file a suit against her UIM carrier prior to obtaining a judgment against the tortfeasor ..., if the insured chooses not to do so, an action for breach of contract will not lie at the time of the accident because the [UIM] carrier has not yet been called upon to fulfill a promise under the contract." *Id.*

{15} We agree with the line of cases holding that the limitations period for seeking UIM coverage does not begin to run until there is a justiciable claim based on a "failure to do that which is required under the terms of the policy." *Snyder v. Case,* 259 Neb. 621, 611 N.W.2d 409, 416 (2000). Until that time, the parties are performing according to the bargained-for obligations under the policy, and there is no cause to seek judicial relief. *See Allstate Ins. Co. v. Spinelli,* 443 A.2d 1286, 1292 (Del.1982) ("It is only when one party contends the other party has ceased to perform in violation of the contract that a justiciable controversy exists."). We believe that this approach encourages cooperation between contracting parties, honors the reasonable expectations of the insured, and conserves judicial resources by avoiding unnecessary litigation. *See, e.g., Montano v. Allstate Indem. Co.,* 2004–NMSC–020, ¶ 25, 135 N.M. 681, 92 P.3d 1255 (observing that New Mexico public policy favors interpreting insurance contracts in a manner that serves the reasonable expectations of the insured).

{16} In addition, as a practical matter, the rule of discovery that "dictates that a cause of action does not accrue for purposes of calculating the limitations period until the plaintiff discovers, or should have discovered in the exercise of reasonable diligence, the facts that underlie his or her claim" is not served by tying the cause of action to the date of the accident. *Butler v. Deutsche Morgan Grenfell, Inc.,* 2006–NMCA–084,

¶ 26, 140 N.M. 111, 140 P.3d 532. Contrary to Defendant's contention that the action accrues on the date of the accident because a tortfeasor's underinsured status is easily determined at that time, the extent of the tortfeasor's underinsured status and the insurer's liability for that amount may not be immediately apparent to the innocent insured. Specifically, the insured may not have the necessary information to know that his or her injuries, medical expenses, or possible punitive damages will exceed the tortfeasor's available coverage or assets or the insured's UIM coverage. *See Shelter Mut. Ins. Co.*, 184 S.W.3d at 430. Therefore, we agree with other courts that find it "fundamentally unfair" to time-bar an insured from compensation that was bargained for because an insured may not be aware until sometime after the accident that a claim against her underinsured motorist insurer must be pursued. *Id.* In addition, it may be similarly in the interest of the insurer to first recover from the underinsured tortfeasor before valuing any UIM coverage due under the insurer's policy. *See, e.g., Manzanares v. Allstate Ins. Co.*, 2006–NMCA–104, ¶¶ 8–10, 140 N.M. 227, 141 P.3d 1281 (offsetting the insured's UIM coverage by the amount recovered from the tortfeasor, leaving the insurer without liability for recovered punitive damages). For these reasons, we determine that as a practical matter, the date of accident is particularly extraneous to actions for specific performance of a contract to arbitrate involving UIM coverage.

{17} Defendant also argues that another provision in the insurance policy recognizes that the cause of action accrues at the time of accident. Defendant points to the following condition in the policy and contends that it must be met before suit may be filed against the insurer:

**2. Suit Against Us**

There is no right of action against us:

. . . .

c. under uninsured and unknown motorists, medical payments, any physical damage, death, dismemberment and loss of sight and loss of earnings coverages, until 30 days after we get the ***insured's*** notice of accident or ***loss.***

Defendant seems to argue that this provision marks the only condition to suit, indicating that a UIM claim has accrued after the thirty-day period following the insured's notice of the accident. We disagree. This condition for a right of action states only the date before which a suit cannot be filed; it does not dictate the time before which a suit must be filed. We also note that Defendant's insurance policy clearly provides that disagreement as to the insured's entitlement to UM or UIM coverage and the amount thereof "shall be decided by arbitration upon written request of the ***insured*** or us." Therefore, we will not read into the condition for a right of action an intent to trigger the limitations period on an insured's claim; nor do we pass on the reasonableness or enforceability of such an intent. *Cf. Battishill v. Farmers Alliance Ins. Co.*, 2006–NMSC–004, ¶ 17, 139 N.M. 24, 127 P.3d 1111 ("[A]n insurance policy which may reasonably be construed in more than one way should be construed liberally in favor of the insured." (internal quotation marks and citation omitted)).

{18} Defendant finally contends that assigning the accrual date of a UIM claim to the breach of the contract is unfair and violates public policy by permitting an insured to have unilateral control over the limitations period on the claim. Defendant argues that such a rule would require an insurance company to remain liable for a potential claim until the insured decided to make a demand under the policy. We address Defendant's concerns. First, the insurer can avoid delay by compelling arbitration of the insured's UIM claim under the contract. *See Berkshire Mut. Ins. Co. v. Burbank*, 422 Mass. 659, 664 N.E.2d 1188, 1192 (1996). The insurer can also seek equitable relief in the action for any prejudice caused by the insured's delay. *Id.* Additionally, "the insurer is in a position to protect itself against uncertainty and variability by including appropriate time limitations in the insurance contract." *Blutreich v. Liberty Mut. Ins. Co.*, 170 Ariz. 541, 826 P.2d 1167, 1171 (Ct.App. 1991); *see also* Jeffrey A. Kelso & Matthew R. Drevlow, *When Does the Clock Start Ticking? A Primer on Statutory and Contractu-*

al *Time Limitation Issues Involved in Uninsured and Underinsured Motorist Claims,* 47 Drake L.Rev. 689, 700 (1999) (noting that "[g]enerally, courts will enforce contractual time limitation[s] provisions" when they are reasonable, as well as clear and unambiguous). On balance, we hold that the important policies underlying our decision and the protections available to the insured outweigh the potential for unfairness in requiring a breach of the insurance contract to trigger the limitations period for an insured's UIM claim.

## C. Timely Filing of Plaintiffs' Action

■ {19} In our application of the rule we announce herein, we observe that the record does not clearly indicate when the agreement between the parties as to the value of Ryan's UIM claim ultimately failed and arbitration became appropriate under the contract terms. It is also unclear whether or when Plaintiffs requested arbitration. The record reveals the following facts. The offers Defendant made for Plaintiffs' UIM coverage between August 2001 and February 2002 appear substantially lower than the claimed recovery, and Defendant's letter dated October 29, 2003, expressed Defendant's belief that the claim had expired. *See, e.g., Norfleet v. Safeway Ins. Co.,* 144 Ill.App.3d 838, 98 Ill.Dec. 598, 494 N.E.2d 720, 723 (1986) (holding that a failure to arbitrate constitutes a breach of the insurance contract). Plaintiffs represent, without citation to the record, that they requested arbitration, an assertion Defendant disputes. In addressing Plaintiffs' failure to reference the record below, we note that although a factual dispute exists, under the circumstances of this case, it is not a material factual dispute that defeats summary judgment. *See Wiste,* 1998–NMCA–165, ¶ 7, 126 N.M. 232, 967 P.2d 1172. On February 5, 2004, Plaintiffs filed the current action for declaratory judgment and to compel arbitration, required under the policy where the parties fail to agree on the value of a UM/UIM claim.

{20} Based on these facts, it is clear that, counting backwards from the date of Plaintiffs' suit, the parties were engaged in negotiations over the value of the UIM claim, in compliance with the insurance contract, during the six-year limitations period for bringing contract actions. As long as negotiations in compliance with the insurance contract were ongoing, there was no breach of contract. According to Defendant, negotiations were still ongoing as late as February 21, 2002. Therefore, although we do not point to one particular event in the fact pattern as the breach, we hold that the undisputed facts indicate that Plaintiffs' filing of the current action must have occurred within six years of any failure to comply with the policy terms. For these reasons, we hold that Plaintiffs timely filed the current action to compel arbitration of the UIM claim under the contract.

## III. CONCLUSION

{21} For the reasons discussed above, we hold that Plaintiffs timely filed this action for declaratory judgment and for specific performance of the insurance contract to compel arbitration. As a result, we affirm the district court's order granting summary judgment in favor of Plaintiffs and ordering the parties to arbitrate the UIM claim.

{22} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY, and IRA ROBINSON, JJ.