This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STEVEN CHRISTOFFEL**,

    Plaintiff-Appellant,

v.                                                                                      **NO. 35,056**

**JACK CLOUD, as Planning Department Manager of the City of Albuquerque, and CITY OF ALBUQUERQUE,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Steven G. Christoffel
Albuquerque, NM

Pro Se Appellant

Jessica M. Hernandez, City Attorney
Daniel P. Dietz, Assistant City Attorney
John E. DuBois, Assistant City Attorney

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Steven Christoffel, a self-represented litigant, appeals from the district court's order dismissing his tort claim action against Jack Cloud, in his capacity as the City of Albuquerque Planning Department Manager. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Christoffel filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Christoffel's arguments and therefore affirm.

{2}     In his docketing statement, Christoffel argued: (1) the district court erred in finding that Cloud is not a law enforcement officer; (2) the district court erred in finding that the Board of Appeals did not have appellate jurisdiction over his appeal of a building permit and certificate of occupancy; and (3) the district court erred in finding that Cloud did not owe him any legal rights or legal duties. [DS 2 (¶ 5)] Because Christoffel's arguments appeared to lack merit, this Court proposed to affirm.

**Issue 1**

{3}     In our notice of proposed disposition, we considered the job description for the Planning Department Manager, set forth in the amended complaint [RP 162-64 (¶ 8); *see also* DS 7-9], and we proposed to hold that Cloud is not a law enforcement officer, as defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2010). [CN 3-4] We also suggested that Cloud's principal duties

as the Planning Department Manager in the present case were not to maintain public order. [CN 4-5]

**{4}** In his memorandum in opposition, Christoffel maintains that Cloud is a law enforcement officer, and his principal duties as the Planning Department Manager were to maintain public order. [MIO 1-26] We note that Christoffel has not pointed out errors in fact or law with our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Christoffel cites various legal authorities, which he claims support his arguments; however, we are not persuaded. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)). Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Therefore, we remain unconvinced that the district court erred in this case.

**Issue 2**

**{5}** In our notice of proposed disposition, we suggested that the Zoning Board of Appeals did not have appellate jurisdiction over Christoffel's appeal, and even if it

did, Christoffel's appeal was untimely filed. [CN 5] *See* Albuquerque, N.M., Rev. Ordinances § 14-16-4-4 (1974, amended 2014) (governing appeals under the Zoning Code). As discussed in our notice, following Christoffel's appeal of the City of Albuquerque's issuance of a building permit and certificate of occupancy for the property located at 7440 Jim McDowell Road, Cloud sent Christoffel a notice stating that the appeal was not well taken. [CN 2; RP 169-70] Cloud's notice further stated that, under Albuquerque, N.M., Rev. Ordinances § 14-16-4-4, "appeals relating to the issuance of a building permit or certificate of occupancy are not heard by the Zoning Board of Appeals." [CN 2 (quoting RP 170)] Additionally, Cloud noted that "all zoning appeals must be filed within fifteen (15) days of the issuance of a decision" and "the building permit and certificate of occupancy that [Christoffel was] challenging were issued several years [earlier]." [Id.] Finally, Cloud stated that "in order to appeal a decision of this type, a person must own property within three hundred feet (300') of the subject site or demonstrate a personal or pecuniary interest or property right adversely affected by the decision" and Christoffel's application did not demonstrate either of these circumstances. [Id.] Accordingly, Cloud rejected Christoffel's appeal. [Id.]

{6}     In response, Christoffel maintains that the Zoning Board of Appeals had appellate jurisdiction. [MIO 27-32] In support of this argument, Christoffel asserts

4

that "[a]ny city appellate body . . . may suspend any applicable procedural rule if doing so does not adversely impact any party's rights[,]" "[t]he Zoning Board of Appeals may choose to waive the 30 day time limit on an appeal, or any other applicable procedural rule if doing so does not adversely impact any party's rights[,]" and "[t]he Zoning Board of Appeals or any member of the board may choose to hear an appeal in the public interests." [MIO 31-32] Even if these assertions are correct and the Zoning Board of Appeals had discretion to accept Christoffel's appeal, Christoffel failed to meet his burden in showing that the Board of Appeals erred in not exercising this discretion and that the district court erred in finding that the Board of Appeals had appellate jurisdiction over his appeal of a building permit and certificate of occupancy. *See City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 34, 121 N.M. 144, 909 P.2d 25 ("The appellant has the burden to point out clearly and specifically the error it asserts on appeal.").

**Issue 3**

{7}     In our notice of proposed disposition, we acknowledged Christoffel's argument that the district court erred in finding that Cloud did not owe him any legal rights or legal duties [CN 5; DS 2 (¶ 5)]; however, we noted that the district court did not make a ruling on this issue [CN 5; RP 220-21]. Therefore, we proposed to hold that this issue was not preserved for appellate review and we declined to address the issue

further. [CN 5-6] *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *see also* Rule 12-208(D)(4) NMRA (requiring that the docketing statement include a statement of how each issue was preserved in the trial court).

**{8}** Christoffel did not respond to this issue in his memorandum in opposition. Therefore, this issue is deemed abandoned. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 (recognizing that an issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue); *Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (same).

**{9}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{10}** **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

6

WE CONCUR:

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**